58843. BENNETT v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of robbery by intimidation. The evidence for the state showed that appellant confronted the victim, a cashier in a convenience store, and stated "This is a stick-up." While no weapon was ever produced and no verbal threats to use a weapon were made, the testimony was that during the entire robbery appellant stood with his hands in his pockets and the victim "didn't know if he had a weapon or not, and [she] wasn't going to ask him to take it out of his pocket . . . [since she] assumed he had a gun or a knife [and she] wasn't going to ask to see it." It was further established that when appellant was subsequently apprehended, on the day following the robbery, he had a knife in his coat pocket. Appellant urges that his conviction must be reversed because even though he was indicted for robbery by intimidation, a lesser included offense in armed robbery, and the evidence would not have supported a finding of armed robbery (*Hicks v. State*, 232 Ga. 393 (207 SE2d 30) (1974)), the judge erroneously

instructed the jury on armed robbery, a greater offense.

Charging on armed robbery was not reversible error in the instant case. ". . . [T]he appellant alleges the trial court erroneously charged on the greater offense of armed robbery . . . [T]he thrust of the appellant's position here is that by so charging the trial court expressed an opinion as to a greater crime and the emphasizing of an offensive weapon.

."An appellant is required to show injury as a result of the alleged error. [Cits.] The trial court instructed on all types of robbery and no harm has been shown by the appellant since he has been convicted of robbery and not armed robbery." *Hill v. State,* 237 Ga. 794, 799 (5) (229 SE2d 737) (1976). Thus, since appellant's conviction is for robbery by intimidation and not armed robbery, the error is harmless.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED NOVEMBER 5, 1979 — DECIDED JANUARY 17, 1980 — REHEARING DENIED JANUARY 30, 1980 —

*Charles R. Sheppard,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.