### 67737. BLUE v. THE STATE.

McMURRAY, Chief Judge.

Defendant was indicted and convicted of the offense of armed robbery. Defendant appeals. *Held:*

1. Defendant contends that the trial court erred in permitting the state to introduce a known palm print card of the defendant taken at an earlier date and permitting testimony concerning the defendant's identification through the use of "mug" books. Defendant contends that the cumulative nature of this evidence tended to show a criminal background and thus put defendant's character in issue. However, where evidence is relevant and material it is not inadmissible merely because it incidentally places the defendant's character in issue. *Barron v. State,* 157 Ga. App. 186, 188 (2) (276 SE2d 868); *Davis v. State,* 249 Ga. 309, 310 (1) (290 SE2d 273); *Drake v. State,* 245 Ga. 798, 802 (3) (267 SE2d 237).

2. Defendant contends the trial court erred in permitting the assistant district attorney to spell out the word "GUILTY" on the chalkboard during closing argument. The defendant argues in support of this enumeration of error that portion of OCGA § 17-8-75 which prohibits the prosecutor making statements of prejudicial matters which are not in evidence. Counsel's argument to the jury was not recorded and we have in the record before us only the colloquy between the trial court and counsel as to defendant's objection. The assistant district attorney is allowed considerable latitude in imagery and illustration in conducting his argument to the jury. Further, the assistant district attorney is permitted to argue the defendant's guilt as a conclusion from the evidence. *Manning v. State,* 123 Ga. App. 844, 846 (6) (182 SE2d 690). We find nothing in the record to suggest any abuse of discretion by the trial court in permitting the assistant district attorney to write the word "GUILTY" on the chalkboard during his closing argument. See *Shelton v. State,* 146 Ga. App. 763, 765 (2) (247 SE2d 580).

3. Defendant's final enumeration of error is to the failure of the trial court to include in its charge to the jury the lesser included offense of robbery by intimidation. No written request to charge was

submitted to the trial court. Also the uncontradicted evidence shows completion of the greater offense so that no charge was required for the lesser included offense. See *Jordon v. State*, 239 Ga. 526, 527 (2) (238 SE2d 69); *Lawrence v. State*, 235 Ga. 216, 219 (3) (219 SE2d 101).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1984.

*Ivan H. Nathan*, for appellant.

*W. Glenn Thomas, Jr., District Attorney, James A. Chamberlin, Jr., Assistant District Attorney*, for appellee.