### 69031. DOBY v. THE STATE.
(326 SE2d 506)

BENHAM, Judge.

Appellant was convicted of the armed robbery of a Richmond County convenience store. On appeal, one of his several enumerated errors questions the sufficiency of the evidence presented against him.

The store clerk who was robbed identified appellant as the lone customer who threatened to "blow [her] brains out" if she failed to give him the cash register drawer. The victim saw a gun lying on the counter top and complied with appellant's demand. Appellant then left the store and the clerk immediately reported the robbery to another customer who had just entered the premises. That customer saw a man whom she identified as appellant get into an orange Volkswagen Dasher fastback which had a noisy engine. Approximately one week later, the investigating officers spotted an orange Dasher parked near another convenience store, approximately two and a half miles from the site of the armed robbery. They spoke to appellant, who one officer described as fitting the description of the armed robber to a "T," and appellant told them he was experiencing car trouble. After the conversation, appellant drove off in the orange Dasher, with its engine making loud noises. After the store clerk/victim chose appellant's photograph from a photo lineup as the one depicting her assailant, appellant was arrested.

1. The fact that the store clerk did not see the offensive weapon in appellant's hands does not void the armed robbery conviction. The victim did observe the weapon on the counter top directly in front of appellant and heard him threaten to "blow [her] brains out" if she did not cooperate. Armed robbery occurs when one, "with intent to

commit theft, . . . takes property of another . . . by use of an offensive weapon . . ." OCGA § 16-8-41. "This section clearly contemplates that the offensive weapon be used as a concomitant to a taking which involves the use of actual force or intimidation (constructive force) against another person." *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30) (1974). Appellant's proximity to the gun, his verbal threats to use it to inflict bodily harm, and the victim's testimony that she gave the cash register drawer to appellant due to the gun's presence and his threats to use it against her amount to the use of an offensive weapon to force or intimidate the clerk to surrender to appellant property not belonging to him. This satisfies the definition of armed robbery. Compare *Bennett v. State*, 153 Ga. App. 210 (264 SE2d 688) (1980) (where no verbal threats were uttered or weapon produced); *Dixon v. Hopper*, 407 FSupp. 58 (2) (1976) (where victim was not aware of the presence of the offensive weapon). There being evidence from which a rational trier of fact could find appellant guilty beyond a reasonable doubt, the trial court's denial of appellant's motion for new trial based upon the general grounds was not error. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Likewise, the trial court's failure to instruct the jury on robbery by intimidation, an included offense of armed robbery, was not error. No written request to charge was submitted to the trial court and the uncontradicted evidence shows completion of the greater offense; therefore, it was not necessary to charge on the included offense. *Blue v. State*, 170 Ga. App. 304 (3) (316 SE2d 862) (1984). Compare *Bennett v. State*, supra.

3. Appellant takes issue with the admission of the rebuttal testimony of a road engineer and a police officer. Inasmuch as appellant failed to voice a contemporaneous objection to the road engineer's testimony but allowed an uninterrupted examination of the witness followed by his own thorough cross-examination before he sought to have the testimony stricken, any error was waived. *Cape v. State*, 246 Ga. 520 (5) (272 SE2d 487) (1980); *Yeargin v. State*, 164 Ga. App. 835 (12) (298 SE2d 606) (1982).

As for the officer's rebuttal testimony, the majority of it was struck when appellant objected to it as cumulative. The testimony allowed into evidence rebutted a portion of appellant's testimony concerning the car trouble he experienced the night officers saw him with the orange Dasher. "[A] witness may be impeached on a collateral issue which is indirectly material to the issue in the case. [Cit.] . . ." *Gilbert v. State*, 159 Ga. App. 326 (2) (283 SE2d 361) (1981). The trial court did not err in its actions concerning the officer's rebuttal testimony.

4. Photographs of the area where officers encountered appellant and the orange Dasher were admitted into evidence over appellant's

objection. A profile of the area done under the instruction of the road engineer was also correctly admitted after the road engineer testified that it was an accurate depiction of the area. *Estep v. State,* 159 Ga. App. 582 (2) (284 SE2d 90) (1981). Each of the exhibits complained of was illustrative of unobjected-to testimony concerning the first encounter between appellant and the police or impeaching appellant's testimony concerning that meeting. Thus, if the admission of the photos was error, it was rendered harmless. *Lightsey v. State,* 160 Ga. App. 62 (3) (286 SE2d 41) (1981).

5. Appellant now objects to the store clerk's in-court identification of him, claiming it was tainted by the photographic array displayed to the witness. Failure to object to the in-court identification at trial forecloses appellate review of the matter. *Respess v. State,* 145 Ga. App. 570 (2) (244 SE2d 251) (1978). Accordingly, appellant's motion under Court of Appeals Rule 45 for transmission of physical evidence (i.e., the photographic display) is denied.

6. Appellant seeks reversal of his conviction because he was not given a transcript of his first trial, which ended in a mistrial. The record before us contains no indication that appellant ever made such a written request or sought a continuance of his second trial until he could obtain the transcript of the first. Thus, there is nothing for us to review. Compare *Carter v. State,* 156 Ga. App. 633 (5) (275 SE2d 716) (1980); *Coaxum v. State,* 146 Ga. App. 370 (4) (246 SE2d 403) (1978). Accordingly, appellant's motion in this court to have the transcript of the first trial forwarded to this court to aid in our appellate review of his conviction is denied.

7. Lastly, appellant claims that his sentence violates the Equal Protection Clause of the Fourteenth Amendment. The sentence imposed (20 years' confinement) is within the statutory limits and lawfully imposed (OCGA § 16-8-41 (b)), and this court is not empowered to modify it. *Thomas v. State,* 139 Ga. App. 364 (228 SE2d 386) (1976). " 'Any question as to the excessiveness of a sentence, which in this case was within the legal limits, should be addressed to the appropriate sentence review panel.' [Cits.]" *Robinson v. State,* 150 Ga. App. 642 (7) (258 SE2d 294) (1979).

8. In a supplemental brief, appellant argues additional enumerated errors. "Enumerations of error may not be amended after the time for filing has expired. [Cit.]" *Burke v. State,* 153 Ga. App. 769 (7) (266 SE2d 549) (1980).

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED JANUARY 16, 1985 —
REHEARING DENIED JANUARY 28, 1985 —

*E. Ronald Garnett*, for appellant.
*Sam B. Sibley, Jr.*, District Attorney, *Richard H. Goolsby*, *Charles R. Sheppard*, Assistant District Attorneys, for appellee.