## 71577. CAIN v. THE STATE.
(342 SE2d 742)

BENHAM, Judge.

Appellant was convicted of armed robbery (OCGA § 16-8-41). In his appeal, he raises seven enumerations of error. Finding none of them to be meritorious, we affirm the judgment of conviction.

1. Appellant first contends that the evidence presented at trial was insufficient to support the verdict. He claims that there was evidence showing that he did not physically possess the knife used to

perpetrate the robbery but that the knife was only lying on the counter of the Majik Market that was robbed, and that the victim was told he would not be hurt.

After reviewing the record, we conclude that the evidence was sufficient to support the conviction. The robbery victim, a store clerk, testified that he saw a large butcher knife in appellant's hand as appellant arrived at the cash register, and that appellant placed the knife on the store counter between him and the victim, leaned over the counter, and asked the victim for money. He testified further that he was afraid appellant was going to use the knife on him, so he asked appellant to step back from the counter a little bit because he feared appellant would "punch him with that knife," even though appellant said he would not hurt him. After the victim gave appellant the money from the cash register, he picked up the knife and left the store. A witness to the robbery also testified that he saw appellant leaning over the counter holding a knife in his hand and that it was pointed toward the cashier. This evidence is sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Doby v. State*, 173 Ga. App. 348 (1) (326 SE2d 506) (1985).

2. Appellant next enumerates as error the trial court's failure to grant his motion to suppress evidence of the items seized from his car when it was searched without a warrant. The search of the vehicle glove compartment produced $96; shortly before appellant was apprehended, the victim had reported that appellant had stolen approximately $100. The record further reveals testimony that appellant was in the vehicle when he was arrested and that the search was conducted in an attempt to find the robbery weapon since it was not found on appellant's person at the time of arrest. It is clear that this issue must be decided adversely to appellant in accordance with *State v. Hopkins*, 163 Ga. App. 141, 144 (293 SE2d 529) (1982), which holds that even when an arrestee is only a recent occupant of a vehicle, the officer " 'may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile' [cit.] . . . even though . . . at the time of the search of such a vehicle, articles in the passenger compartment are 'unaccessible' to the arrestee." See also *State v. Holden*, 162 Ga. App. 33 (290 SE2d 130) (1982); OCGA § 17-5-1.

3. Appellant also asserts error regarding the admission of testimony from a witness for the State that appellant refused to give the police a statement or to aid them after he was arrested. He claims that the admission of the testimony violated his right against self-incrimination. Although appellant argues that he objected when the question was posed, we note that his only objection was that the ques-

tion was "leading."

"If counsel desires to preserve an objection upon a specific point, the objection must be on that specific ground. No ruling was ever obtained upon the constitutional issue raised in this court and this court will not consider it. [Cits.]" *Wilson v. State*, 145 Ga. App. 315, 322 (244 SE2d 355) (1978).

4. The trial court charged the jury on voluntary and involuntary intoxication. Appellant claims error, arguing that the charge was not required by law and that intoxication was not raised as a defense by him. We find no merit in appellant's assertion of error. As stated earlier, the evidence was sufficient to authorize a finding that appellant committed armed robbery. The victim testified that he thought appellant was using some kind of drug because of his eyes; a detective testified that appellant appeared slightly intoxicated; and one of appellant's companions on the night of the robbery testified that both he and appellant were drunk that night. That evidence was sufficient to authorize the charge. *Carter v. State*, 146 Ga. App. 322 (4) (246 SE2d 378) (1978).

5. Appellant also contests the giving of a jury charge on the question of "flight," claiming that no evidence of such flight existed and that the charge given shifted the burden of proof to him. We disagree on both points. The victim and eyewitness both testified that appellant left the store on foot after receiving the money. A man who offered appellant a ride in his vehicle shortly after the robbery also testified that as they approached the area where appellant said he left his car, they saw a police patrol car and that appellant said, "Keep going, don't pull in . . . drive on through," and insisted that the driver leave the area. Appellant was arrested shortly thereafter, approximately one mile from the crime scene. Under the facts of this case, it was not error to give the charge. *Goodrum v. State*, 158 Ga. App. 602 (5) (281 SE2d 254) (1981). The question whether the charge was burden-shifting was decided adversely to appellant in *Anderson v. State*, 153 Ga. App. 401 (4) (265 SE2d 299) (1980). See also *Fredericks v. State*, 172 Ga. App. 379 (2) (323 SE2d 265) (1984).

6. Appellant's penultimate enumeration of error is that the trial court's charge on intent shifted the burden of proof to him to show lack of intent. We have reviewed the questioned instruction and find it to be a proper charge, inasmuch as it made clear to the jurors that they might choose to infer, if they wished to do so, that a person of sound mind and discretion intends the natural and probable consequences of his acts. Compare *Franklin v. State*, 245 Ga. 141 (8) (263 SE2d 666) (1980).

7. The last error appellant asserts is the trial court's failure to charge on the lesser included offense of robbery by intimidation as provided for in OCGA § 16-8-41 (a). This issue was also decided ad-

versely to appellant in *Doby, supra,* Division 2.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 11, 1986.

Roger L. Curry, for appellant.

Thomas J. Charron, District Attorney, Nancy I. Jordan, Assistant District Attorney, for appellee.