## 74511. PATTEN v. THE STATE.
### (361 SE2d 203)

BENHAM, Judge.

Appellant was convicted of molesting his daughter, his stepdaughter, and one of their friends, all of whom were 12 or 13 years old at the time of trial.

1. In his first enumerated error, appellant questions the sufficiency of the evidence presented on the two counts charging him with molestation of the friend of his daughter and stepdaughter. The victim testified that appellant had placed his hand underneath her shirt and fondled her breasts on one occasion and, on an earlier occasion, had placed his hand in her pants. Each of the other victims testified that she had witnessed the two acts involving her friend. Appellant argues that there was no evidence the acts were done "with the intent to arouse or satisfy the sexual desires of either the child or [appellant]." OCGA § 16-6-4 (a). "We cannot divorce [appellant's acts] from appellant's overt wish to arouse or satisfy his sexual desires as evidenced by his actions with regard to the other two little girls." *Houck v. State*, 173 Ga. App. 388 (1) (326 SE2d 567) (1985). See also *Bentley v. State*, 179 Ga. App. 287 (1) (346 SE2d 98) (1986).

2. Appellant next claims error in the trial court's denial of his motion for mistrial, made after three male jurors allegedly saw one of the young victims hug the State's attorney and the prosecuting police detective in the hallway outside the courtroom.

The grant or denial of a motion for mistrial is solely within the discretion of the trial court, and this court will not disturb the ruling in the absence of a manifest abuse of that discretion. *Weaver v. State*, 178 Ga. App. 91 (2) (341 SE2d 921) (1986). Appellant maintains that the exhibition amounted to the expression of a personal opinion about the case by the assistant district attorney, which, appellant claims, is strictly prohibited by OCGA § 17-8-75. That statute imposes sanctions if "counsel in the hearing of the jury makes statements of prejudicial matters which are not in evidence. . . ." We do not read the statute as broadly as appellant. The statute prohibits *statements* of prejudicial matters not in evidence. Its usage has been confined to counsel's oral statements in which prejudicial facts not in the record are introduced (*Thompson v. State*, 150 Ga. App. 567 (258 SE2d 180) (1979)); oral statements in which counsel expresses his belief as to a defendant's guilt (*Hoerner v. State*, 246 Ga. 374 (4) (271 SE2d 458) (1980)), or a witness' veracity (*Shirley v. State*, 245 Ga. 616 (1) (266 SE2d 218) (1980)); or oral questions posed by counsel that accomplish the same result as an oral statement. *Castell v. State*, 250 Ga. 776 (8) (301 SE2d 234) (1983). However, an *act* has fallen beyond the bounds of OCGA § 17-8-75. See *Blue v. State*, 170 Ga. App. 304 (2) (316 SE2d 862) (1984). OCGA § 17-8-75 is not the attorney equivalent of OCGA § 17-8-55, which prohibits judicial expression *or intimation* of an opinion as to matters proved or the guilt or innocence of the accused. We do not believe the trial court's denial of appellant's motion for mistrial amounted to an abuse of discretion.

3. Appellant contends that evidence of similar transactions between appellant and the victims should not have been admitted due to the State's alleged failure to comply with Rule 31.3 of the Uniform Rules for the Superior Courts. As a prerequisite to the presentation of evidence of similar transactions, the prosecution must give to defense counsel written notice stating "the transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced." Rule 31.3 (B), 253 Ga. at 854. The notice given by the State contained the names of the two victims of the similar acts and the location as Bibb County. The previous transactions were described as acts of molestation including, but not limited to, certain specific acts. Conceding that it was unaware of the exact dates of the earlier acts, the State described the acts as "continuous acts of molestation" of one victim "from the time of her birth to the present" and of the other "from the time that she was six years old to the present." One of the victims involved in the similar transactions testi-

fied the incidents had occurred since she was five or six years old and the other victim stated that incidents had occurred since she was six. While the dates given in the notice were not specific, "the prosecution did not have specific dates of similar transactions in its possession. In revealing to appellant the information which it had, the prosecution complied with Rule 31.3. [Cits.]" *Eidson v. State*, 182 Ga. App. 321 (2) (355 SE2d 691) (1987).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 10, 1987.

*Christina L. Hunt*, for appellant.

*Willis B. Sparks III, District Attorney, Robin B. Odom, Assistant District Attorney*, for appellee.