## 61667. PHELPS v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for child molestation. *Held:*

1. The state's motion to dismiss the appeal because defendant's motion for new trial was not filed within 30 days of entry of the verdict and sentence is denied. Defendant's notice of appeal was filed within 30 days of the denial of his motion for new trial. "So long as the notice of appeal is filed within 30 days following 'the entry of the order granting, overruling, or *otherwise finally disposing* of the motion' for new trial, the appeal is timely. (Emphasis supplied.) Appellate Practice Act § 5 (Ga. L. 1965, pp. 18, 21; Ga. L. 1966, pp. 493, 496; Code Ann. § 6-803); *Harrison v. Harrison,* 229 Ga. 692 (194 SE2d 87) (1972); *Dodson v. Dodson,* 231 Ga. 789 (204 SE2d 109) (1974)." *Love v. State,* 144 Ga. App. 728, 731 (242 SE2d 278).

2. Defendant's sole contention is that the trial court erred in admitting evidence of other similar offenses. We find no error.

The state produced evidence that the defendant had committed anal sodomy on the 5-year-old male alleged victim. It then presented the testimony of two girls who stated that less than three years before the alleged offense, when they were aged seven and eleven, the defendant had indecently fondled them.

In sexual offense crimes evidence of similar prior acts is admissible to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the acts charged. *Felts v. State,* 154 Ga. App. 571 (269 SE2d 73).

A similar rule obtains in cases of non-sexual abuse of children. "[S]ince there is seldom a competent witness other than the defendant to what occurred in a child abuse case, courts should be as liberal in admitting corroborative evidence of prior similar offenses as they have been in sexual offense cases, where 'evidence of similar previous transactions is admissible . . . to corroborate the testimony of the victim as to the act charged. (Cits.)' *Warren v. State,* 95 Ga. App.

79, 80 (97 SE2d 194)." *Smith v. State,* 154 Ga. App. 497, 499-500 (268 SE2d 714).

Defendant argues that the fondling of the two girls was not similar to the acts charged because of the difference in the types of acts committed and the sex of the victims. We do not agree. The sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible.

Defendant's contention that *Pickelseimer v. State,* 154 Ga. App. 223 (2) (267 SE2d 845), is authority for excluding the prior offenses because of the length of time between them and the offense charged is also without merit. The time lapse in that case was 18 years and the state's case so strong that the court concluded that the introduction of the prior offense was only for the purpose of prejudicing the defendant. In the instant case the time span of less than three years is well within times approved in other cases such as seven years in *Campbell v. State,* 234 Ga. 130 (214 SE2d 656) and eight years in *Allen v. State,* 152 Ga. App. 481 (1) (263 SE2d 259).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1981.

*Lawrence Lee Washburn III,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wallace Speed, Margaret V. Lines, Assistant District Attorneys,* for appellee.