69273. COX v. THE STATE.
(326 SE2d 796)

CARLEY, Judge.

Appellant was tried before a jury and convicted of two counts of molesting his 13-year-old daughter. He appeals from the judgment of conviction and sentence entered on the jury's verdict.

1. Over objection, the State was allowed to elicit testimony from three of appellant's other daughters that he had also molested them. All three of these witnesses were adults, but the acts of molestation to which they testified had all occurred when they were adolescents. Since the witnesses ranged in age from 23 to 31, their testimony related to acts perpetrated by appellant some 17 to 22 years prior to the alleged acts of molestation for which he was being tried. Limiting instructions were given to the jury as to the purpose for which the "other crimes" testimony was being admitted. On appeal, appellant enumerates the admission of this testimony as error.

Our Supreme Court has noted that "[t]he exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses. [Cits.]" *Johnson v. State*, 242 Ga. 649, 653 (250 SE2d 394) (1978). Appellant asserts, however, that the acts of molestation attributed to him by his other three daughters were not sufficiently "similar" to those he was alleged to have committed against the instant 13-year-old victim. "The sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible." *Phelps v. State*, 158 Ga. App. 219, 220 (279 SE2d 513) (1981). Appellant also contends that the previous acts of molestation of his daugh-

ters were so remote in time as to militate against the admission of testimony concerning their commission. "[R]emoteness . . . is relative . . . . We cannot say there was no logical connection between the defendant's molesting of his [three older] daughters at exactly the same ages and over the same general period in their lives. The older [sisters'] testimony [was] relevant to show defendant's intent, bent of mind or general plan to gratify his lust, passion and sexual desires ([cit.]), an element in the crime with which he was charged. [Cits.]" *Staggers v. State*, 120 Ga. App. 875, 876 (172 SE2d 462) (1969).

The testimony was not erroneously admitted.

2. Appellant enumerates the general grounds. "After a careful review of the trial transcript and record, we find, and so hold, that a rational trier of fact (the jury here) could readily have found the defendant guilty beyond a reasonable doubt of the offense of child molestation. [Cits.]" *Henry v. State*, 154 Ga. App. 120 (2) (267 SE2d 653) (1980).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 1, 1985.

*James H. Whitmer*, for appellant.
*Bruce L. Udolf, District Attorney, Charles H. Frier, Assistant District Attorney*, for appellee.