69164, 69165. WHITED v. THE STATE (two cases).

(326 SE2d 803)

BENHAM, Judge.

Appellant was convicted of the statutory rape and aggravated sodomy of his nine-year-old stepdaughter. He appeals from the aggravated sodomy conviction in Case No. 69164 and the statutory rape conviction in Case No. 69165. We have consolidated the appeals.

The victim's mother testified that she found the victim's diary, which contained the following as an entry for January 2: "Dear Diary When Eddie was rubbing my foot he put his finger in my pantys [sic]." A medical examination of the child revealed vaginal scar tissue, the result of multiple injuries to the entrance of the orifice. The examining physician testified that the orifice could accommodate one finger, but he could not say whether it could accommodate an adult male sex organ.

The child testified, reaffirming the diary entry and relating an encounter she had with appellant on May 19, the day before her diary was discovered. She stated that appellant placed his sex organ in her mouth and in her sex organ despite her protestations. Subsequently, the State introduced into evidence a certified copy of appellant's 1968 conviction for child molestation.

1. Appellant asserts as error the denial of his motion for new trial which was based upon the general grounds. Aggravated sodomy is the forceful performance of or submission to "any sexual act involving the sex organs of one person and the mouth or anus of another." OCGA § 16-6-2 (a). The victim's testimony concerning the events occurring on May 19 was sufficient for a rational trier of fact to find appellant guilty of aggravated sodomy beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

"A person commits the offense of statutory rape when he engages in sexual intercourse with any female under the age of 14 years and not his spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the female." OCGA § 16-6-3 (a). The nine-year-old victim's testimony concerning the May 19 events contains the elements of the crime of statutory rape, and her testimony is corroborated by the medical evidence as well as the evidence of appellant's prior conviction for child molestation. *Anderson v. State*, 172 Ga. App. 202, 203 (322 SE2d 532) (1984).

2. Appellant contends that the trial court erred when it admitted his 16-year-old conviction for child molestation. We have condoned a liberal approach to the admission of evidence of independent crimes

in cases concerning child abuse and sexual offenses involving children. See *Smith v. State*, 154 Ga. App. 497 (1) (268 SE2d 714) (1980). " '[E]vidence of other crimes (committed by a defendant) may be admitted if there is sufficient similarity or connection between the other crimes and the crime charged that proof of the former tends to prove the latter.' [Cit.] This court has recently held that 'the sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible.' [Cit.]" *Miller v. State*, 165 Ga. App. 487 (2) (299 SE2d 174) (1983). Furthermore, evidence of similar crimes in child molestation cases is admissible to corroborate the testimony of the victim, and that was the purpose for the admission of appellant's prior conviction in the case at bar.

Appellant, citing *Pickelseimer v. State*, 154 Ga. App. 223 (2) (267 SE2d 845) (1980), contends that the remoteness of the prior conviction should have caused the trial court to reject it when it was tendered into evidence. In *Pickelseimer*, this court reversed a child molestation conviction because of the admission into evidence of the defendant's 18-year-old conviction for statutory rape. The court held that the State's case against Pickelseimer without the evidence of the prior conviction was so strong that the conviction could only have been introduced to prejudice the jury. See *Phelps v. State*, 158 Ga. App. 219, 220 (279 SE2d 513) (1981). However, as noted above, the evidence of the prior conviction was necessary to corroborate the testimony of the victim in the instant case. Thus, the conviction was not introduced for the sole purpose of prejudicial effect.

3. In his third and final enumeration of error, appellant seeks reversal of his statutory rape conviction on the ground that the trial court's instructions to the jury were incomplete. Although the trial court advised the jury of the statutory definition of statutory rape, the jury was not informed that "no conviction shall be had for this offense on the unsupported testimony of the female." OCGA § 16-6-3. "The sufficiency of the corroboration and the extent of the corroboration necessary is always a question for the jury." *Strickland v. State*, 207 Ga. 284 (3) (61 SE2d 118) (1950). The trial court's jury instruction that the evidence of a prior similar act was admitted for corroborative purposes does not inform the jury that it may not render a guilty verdict without determining that evidence corroborating the victim's testimony was presented. In light of the incomplete charge to the jury, we must reverse appellant's statutory rape conviction.

*Judgment affirmed in Case No. 69164. Judgment reversed in Case No. 69165. Banke, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 4, 1985.

*J. Donald Bennett,* for appellant.
*David L. Lomenick, Jr., District Attorney,* for appellee.