## 74369. SMITH v. THE STATE.
(356 SE2d 723)

DEEN, Presiding Judge.

Appellant Willie Fred Smith was convicted of sexually molesting a seven-year-old girl. At trial the prosecution introduced certified copies of two rape convictions dating from more than twelve years previously. On appeal Smith enumerates as error the introduction of evidence of prior crimes without the defendant's having "opened the door" by placing his character in issue. He also enumerates five additional errors. *Held*:

1. Prior to trial appellant filed a motion *in limine* that no evidence of prior sexual offenses be admitted at trial. After a hearing the motion was overruled, and the case proceeded to trial. The victim testified that on the night on which the incident allegedly occurred, she, her mother, the appellant, and several other adults and at least two

other children attended a party at the appellant's mother's home. According to the victim, while she and two other children were asleep in a bedroom in separate beds, appellant came in alone and awakened her, instructed her to spread her legs, and then lay on top of her and ejaculated upon her. There was testimony that, several days after the alleged incident, the victim developed a vaginal discharge, and her mother took her to a nearby medical facility for diagnosis and treatment of the discharge. Evidence was offered that the discharge tested positive for gonorrhea; further evidence was adduced that appellant was asked to undergo a laboratory test for gonorrhea and that he, too, tested positive for the infection.

The State introduced copies of two 1973 convictions on rape charges, to which the appellant admitted having pled guilty. A former Warner Robins Police Department detective testified that he had worked on the two 1973 cases which led to appellant's being charged with raping two women on two separate occasions.

Under well-settled principles of law, evidence of prior crimes is generally inadmissible unless the defendant has placed his character in issue. OCGA § 24-9-20 (b). A recognized exception to this rule is that evidence of prior independent crimes may be introduced to show motive, intent, plan or scheme, identity, course of conduct. *Dudley v. State*, 179 Ga. App. 252 (345 SE2d 888) (1986). This exception is liberally construed where sexual offenses are involved, evidence of prior sexual offenses being admissible to show the defendant's lustful disposition. *Johnson v. State*, 242 Ga. 649 (250 SE2d 394) (1978); *Warren v. State*, 95 Ga. App. 79 (97 SE2d 194) (1957). For evidence of prior crimes to be admissible for such purposes, two criteria must be met: (1) the defendant must be proven to have been the perpetrator of the prior crime or crimes, and (2) there must be sufficient similarity between the independent crime(s) and that being tried so that the proof of the former tends to prove the latter. *French v. State*, 237 Ga. 620 (229 SE2d 410) (1976). Moreover, the relevance of such evidence to issues on trial must outweigh its prejudicial effect. *Hicks v. State*, 232 Ga. 393 (207 SE2d 30) (1974); accord *Campbell v. State*, 234 Ga. 130 (214 SE2d 656) (1975). "If the evidence tends to show a general criminal propensity more than it tends to prove an issue in the case, it should not be introduced. . . ." *Carroll v. State*, 143 Ga. App. 796, 797 (240 SE2d 197) (1977).

In the instant case the trial transcript indicates that appellant did not place his character in issue prior to the introduction of the 1973 rape convictions, and that no other evidence of prior illicit sexual activity involving the defendant/appellant with either adults or children was introduced. No evidence was offered regarding any specific similarities between the offense charged below and those of which appellant had previously been convicted; the only point in

common was that those offenses, like that charged below, involved impermissible sexual contact. Moreover, the lapse of more than twelve years between the prior sexual activity and the alleged molestation would not strongly bolster any allegation of a "lustful disposition."

The passage of time would not alone mandate reversing the conviction in the instant case, however. This court has held that crimes committed as long as eighteen or more years before the offense charged can be admissible for the stated purpose. See, e.g., *Whited v. State*, 173 Ga. App. 435 (326 SE2d 803) (1985) (defendant in child molestation case convicted of same offense sixteen years previously); *Cox v. State*, 173 Ga. App. 422 (326 SE2d 796) (1985) (testimony by older daughters that defendant accused of molesting younger daughter had molested them seventeen to twenty-two years earlier); *Copeland v. State*, 160 Ga. App. 786 (287 SE2d 120) (1981) (evidence that defendant had raped twelve-year-old daughter [the victim's mother] thirteen years before raping the current victim, his twelve-year-old daughter/granddaughter).

In *Campbell v. State*, supra, the appellant enumerated as error the admission into evidence of a crime committed seven years previously; he did not challenge the admission of a crime committed four years previously. The Supreme Court, in noting the similarities and differences in the prior crimes and the offense being tried, observed at 132: "The main bar to admission [of the evidence of the earlier prior crime] would seem to be the lapse of time, seven years, between the two incidents." The court went on to note: "Although lapse of time is one of the more important factors to weigh in considering the admissibility of the evidence in question, it is not wholly determinative." Id. The Supreme Court held that, despite the time lapse, the similarity between the crime being tried and the two prior crimes committed, respectively, four and seven years earlier, rendered the evidence admissible. Id. See also *Gay v. State*, 179 Ga. App. 430, 432, et seq. (346 SE2d 877) (1986); *Pope v. State*, 178 Ga. App. 148, 149 (342 SE2d 336) (1986). In *Mackler v. State*, 164 Ga. App. 874 (298 SE2d 589), cert. denied 250 Ga. 840 (1983), the defendant was convicted of molesting a five-year-old child; evidence of a prior rape and a solicitation of sodomy was admitted at trial. On appeal the court held: "Although there is no indication that either of the prior sexual offenses at issue in the case . . . involved children, they were nevertheless admissible to establish the appellant's lustful disposition . . . The fact that he had twice been convicted of sexual offenses within the previous four and one-half years was certainly relevant, under these circumstances, to show that he had a lustful disposition and thereby to corroborate the testimony. . . ." Id. at 875, 876.

In the light of the cited cases and many other Georgia cases hold-

ing similarly, we find that the trial court's admission of evidence of a prior sexual offense was proper. Appellant's first enumeration is not meritorious.

2. After careful review of the entire record in the instant case, we find appellant's second, third, fourth, fifth, and sixth enumerations of error also to be without merit.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED APRIL 16, 1987 —
REHEARING DENIED APRIL 29, 1987 — 

*Harry J. Fox, Jr.*, for appellant.
*G. Theron Finlayson, District Attorney*, for appellee.