A89A0186. WARE v. THE STATE.
(382 SE2d 383)

SOGNIER, Judge.

Jarvis Ware was convicted of aggravated assault and he appeals.

1. Appellant contends the trial court erred by allowing evidence of a similar transaction because the State failed to give notice of its intended use of such evidence within ten days before trial as required by Uniform Superior Court Rule 31.1. The record reveals that the State's motion to present the evidence was filed nine days before trial. The assistant district attorney stated to the trial court that he had discussed the matter with appellant's counsel prior to the filing of the motion, and appellant's counsel informed the court he had had an opportunity to check out the evidence contained in the motion. The trial court found that in the absence of any real prejudice to appel-

lant, it would shorten the notice period and admit the evidence. We find no abuse of the trial court's discretion here and thus find no basis for reversal of appellant's conviction. See *Thompson v. State*, 186 Ga. App. 421, 422-423 (2) (367 SE2d 586) (1988).

2. Appellant contends the trial court erred by denying his motion to suppress evidence, two spent .22 shell casings, seized from appellant's automobile in a search pursuant to a warrant because the officer expressed doubts about the truthfulness of the information he relied upon in obtaining the search warrant. At the hearing on the motion Investigator Terry Neal of the Dalton Police Department testified that he investigated the assault victim's report that appellant, who was driving a 1977 Oldsmobile 98, had shot at her while she was in her car. Neal testified that there were three bullet holes in the victim's automobile, and the two shells were visible on the dash of a 1977 Oldsmobile found at appellant's home and identified by the victim as the vehicle involved in the assault. Although the transcript of the hearing reveals that Investigator Neal was doubtful whether the victim was able to see that it was appellant in the Oldsmobile, the officer did not doubt the veracity of the victim nor the truthfulness of her identification of the Oldsmobile as the vehicle involved in the assault. The record thus does not support appellant's contention that Investigator Neal did not believe the information given him by the victim about the Oldsmobile upon which he relied to obtain the search warrant, and accordingly we find no merit in appellant's claim that the search warrant was illegal. See *Thomas v. State*, 173 Ga. App. 481, 482-483 (1) (326 SE2d 840) (1985).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 11, 1989.

*Ralph M. Hinman III*, for appellant.
*Jack O. Partain III, District Attorney, Cindy Morris, Assistant District Attorney*, for appellee.