## A89A1938. WILSON v. THE STATE.
(387 SE2d 413)

BANKE, Presiding Judge.

The appellant was convicted of two counts of selling cocaine in violation of the Georgia Controlled Substances Act. On appeal, he contends the trial court erred in admitting into evidence the cocaine which was the subject of Count 1 of the indictment, over his objection that the state had failed to establish a sufficient chain of custody. *Held*:

1. The undercover officer who had purchased the cocaine in question from the appellant testified that after doing so he placed it into an envelope which he then marked for identification and delivered to Officer Boyd. Officer Boyd testified that he received "two hits" of cocaine from the undercover officer and subsequently transported it to the State Crime Lab. However, there was testimony that the Crime Lab received not two but three "rocks" of cocaine.

The burden is on the state " 'to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution.' [Cit.]" *Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603) (1981). "However, the State need not negate all possibility of tampering, and 'need only establish reasonable assurance of the identity' of the confiscated evidence. [Cits.]" *Kelly v. State*, 182 Ga. App. 7, 9 (354 SE2d 647) (1987).

The fact that three "rocks," or pieces, of cocaine were received by the Crime Lab does not suggest that this contraband was other than the "two hits" of cocaine which Officer Boyd had received from the undercover agent, inasmuch as there was testimony that one of the "rocks" had broken into two pieces. It follows that the trial court did not err in overruling the appellant's chain-of-custody objection.

2. The evidence was sufficient to enable a rational trier of fact to find the appellant guilty of the offenses charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It follows that the trial court did not err in denying the appellant's motion for directed verdict of acquittal.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 13, 1989.

*James M. Bivins*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.