A89A2249. LANDERS v. THE STATE.
(390 SE2d 302)

CARLEY, Chief Judge.

Appellant was indicted for four counts of aggravated child molestation and one count of cruelty to children. The victim was, in each instance, appellant's daughter. After a jury trial, he was found guilty. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. On direct examination, the State's expert witness testified to her opinion that the victim had been sexually abused. Appellant moved for a mistrial. The trial court denied the motion but gave the following curative instruction: "I'm going to ask that the record be stricken as to her opinion that the child had been sexually abused, and instruct the jury to disregard that. That will be a matter for you to decide based on any testimony that's given. That's an ultimate — an issue for the jury to decide, and her conclusion or opinion as to the fact that this child had been sexually abused will be disregarded." The trial court's denial of appellant's motion for mistrial is enumerated as error.

"There is conflicting authority as to whether such expert testimony is admissible. Such cases as *State v. Butler*, 256 Ga. 448 (2) (349 SE2d 684) (1986); [cits.], hold that it is, while in *Allison v. State*, 256 Ga. 851 (6) (353 SE2d 805) (1987), the Supreme Court appeared to express the opinion that it is not. In either event, however, we conclude that the trial court did not abuse its discretion in denying the motion for mistrial in the present case. In *Sabel v. State*, 250 Ga. 640 (5), 644 (300 SE2d 663) (1983), overruled on other grounds in *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984), the Supreme Court enumerated certain circumstances to be considered in determining whether the possible prejudice resulting from improper testimony can be cured so as to avoid the necessity of granting a mistrial. These include 'the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.' *Sabel v. State,* supra at 644. In the present case, expert testimony was . . . properly before the jury to the effect that the victim in question exhibited behavioral characteristics typically exhibited by sexually abused children. In the context of this evidence and of the strong curative instructions given to the jury by the court, we hold that the trial court did not abuse its discretion in denying the motion for mistrial." *Wilson v. State*, 188 Ga. App. 779, 781 (2) (374 SE2d 325) (1988).

2. The State elicited testimony from another of appellant's daughters and two of his stepdaughters "that he had also molested them [and friends of theirs]. All three of these witnesses were adults, but the acts of molestation to which they testified had all occurred when they [and their friends] were [under fourteen years old]. [T]heir testimony related to acts perpetrated by appellant some [11] to 22 years prior to the alleged acts of molestation for which he was being tried. Limiting instructions were given to the jury as to the purpose for which the 'other crimes' testimony was being admitted." *Cox v. State*, 173 Ga. App. 422 (1) (326 SE2d 796) (1985). Appellant enumerates the introduction of this testimony as erroneous.

"Our Supreme Court has noted that '(t)he exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses [Cits.]' [Cit.]. . . . 'The sexual molestation of young children, regardless of sex or type of act, is [of] sufficient similarity to make the evidence admissible.' [Cit.] Appellant . . . contends that the previous acts of molestation . . . were so remote in time as to militate against the admission of testimony concerning their commission. '. . . We cannot say there was no logical connection between [the acts for which he was being tried and] the defendant's molesting of his [older daughter and stepdaughters and their friends when they were under fourteen years old]. The . . . testimony [was] relevant to show defendant's intent, bent of mind or general plan to gratify his lust, passion and sexual desires ([cit.]), an element in the crimes with which he was charged. [Cits.]' [Cit.] The testimony was not erroneously admitted." *Cox v. State*, supra at 422-23 (1).

3. Appellant urges that the trial court erroneously failed to provide him an opportunity to cross-examine a State witness. The record shows, however, that the trial court specifically afforded appellant the right to cross-examine the witness. Thus, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED JANUARY 25, 1990.

*Jerry C. Gray*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.