*District Attorney*, for appellee.

A90A1896. DAILEY v. THE STATE.
(398 SE2d 812)

BANKE, Presiding Judge.

The appellant was convicted of possession of cocaine with intent to distribute based on evidence that 34 zip-lock plastic bags containing a total of approximately 18 grams of cocaine had been seized from inside his car following a traffic stop. The evidence additionally showed that the appellant was in possession of a beeper and $335 in cash at the time of his arrest. *Held*:

1. Construed in the light most favorable to the verdict, the evidence introduced at trial was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the offense charged. Accord *Horton v. State*, 194 Ga. App. 797 (1) (b) (392 SE2d 259) (1990); *Breedlove v. State*, 189 Ga. App. 527 (1) (376 SE2d 222) (1988). See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in admitting the contraband over the appellant's objection that the chain of custody had not been established in such a manner as to negate the possibility of tampering. "The burden is on the state ' "to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution." (Cit.)' [Cit.] 'However, the State need not negate all possibility of tampering, and "need only establish reasonable assurance of the identity" of the confiscated evidence. (Cits.)' [Cit.]" *Wilson v. State*, 193 Ga. App. 183 (1) (387 SE2d 413) (1989). The evidence presented by the state in this case was amply sufficient to meet this burden.

3. The appellant contends that the trial court erred in allowing the state to present as similar transaction evidence a certified copy of his conviction on a previous indictment charging him with selling cocaine and possessing cocaine with intent to distribute. The appellant objected to this evidence on the following grounds: (1) Because the state had assertedly failed to notify him at least ten days before trial of its intention to present such evidence, as required by Rule 31.1 of the Uniform Superior Court Rules; (2) because the notice provided by the state was misleading in that it specified that the evidence would be offered "in aggravation should the sentencing phase of the trial be reached"; and (3) because the evidence "injected his character into evidence."

These objections were properly overruled. The record reveals that the notice was mailed to defense counsel 11 days prior to trial. Al-

though defense counsel assured the court that items sent to him by mail always took more than a day to reach him, he was not able to recall when he had actually received the material in question and thus was unable to state positively that he had not received it at least ten days before trial. Furthermore, the state's attorney stated without contravention that he had spoken with defense counsel over the telephone two days before mailing the notice and had told him at that time of the state's intention to introduce this evidence. The appellant does not contend that he was prejudiced in any way by not having received this material sooner, and we find no basis under these circumstances for concluding that the notice was timely.

We similarly find no merit in the appellant's contention that the notice conveyed the misleading impression that the prior convictions would *only* be used during the sentencing phase of the trial. The language at issue was quite plainly intended to inform the appellant that the convictions would *also* be used during that phase, in the event he were found guilty. The notice was styled, "Notice of Prosecution's Intent To Present Evidence of Similar Transactions," and it would not have mattered whether the prior offenses were similar or dissimilar to the one for which he was to be tried if they were only going to be used in aggravation of punishment. Finally, the prior offenses were sufficiently similar to the present offense to be admissible as evidence of motive, intent and bent of mind, which issues were particularly relevant in view of the appellant's contention that there was no evidence that he had intended to distribute the cocaine found in his possession in the present case. Accord *Sultenfuss v. State,* 185 Ga. App. 47 (2) (363 SE2d 337) (1987).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED NOVEMBER 6, 1990.

*J. Douglas Sexton,* for appellant.

*Thomas C. Lawler III, District Attorney, Thomas N. Davis, Jr., Debra K. Turner, Assistant District Attorneys,* for appellee.