## A90A1808. JACKSON v. THE STATE.
(402 SE2d 279)

Banke, Presiding Judge.

The appellant, James Jackson, Sr., was convicted of child molestation. See OCGA § 16-6-4. He brings this appeal from the denial of his motion for new trial.

The victim, who had been six years old when the events in question took place and was seven at the time of trial, testified that the appellant had repeatedly placed his fingers in her vagina, warning her that if she told anyone he would "take me away." She indicated that she interpreted this warning as a threat to take her away from her natural mother. The child testified that she had also been fondled by her younger brother and by her Uncle Simon (Yearwood). The brother, who was a year younger than the victim, testified that he had touched his sister on her "private" and stated that he had seen his father, the appellant, fondle her, also. The uncle, who is the brother of the child's mother and was 22 years of age at the time of trial, also admitted having fondled the victim. Over the appellant's objection, he further testified that the appellant had sodomized him on several occasions approximately five years previously and had threatened to "whip his ass" if he told anyone.

During the trial, the appellant called several witnesses to offer testimony that he was a good father. One such witness was asked on cross-examination whether she was aware that the appellant was behind in this child-support payments; and, over the appellant's objection, she replied that she was aware that he had been behind in his child support in "previous times." Testifying in his own behalf, the appellant denied having engaged in any sexual conduct with either Yearwood or his daughter. *Held*:

1. The appellant contends that the trial court erred in allowing the state to introduce evidence concerning his alleged sexual abuse of Simon Yearwood because (1) the state's notice of intent to present similar transaction evidence was not filed within ten days of the trial as required by Uniform Superior Court Rule 31.1, (2) the conduct in question was not sufficiently similar to the offense charged to be admissible, and (3) too much time had elapsed between the two transactions.

Uniform Superior Court Rule 31.1 requires the state to provide notice of its intention to present similar transaction evidence "at least ten days before trial *unless the time is shortened or lengthened by the judge*." (Emphasis supplied.) The notice in this case was both filed and served nine days prior to trial; however, it is apparent from the record both that the appellant's counsel had some prior knowledge of the allegations and that he had interviewed Yearwood prior to trial. Under such circumstances, the trial court clearly did not abuse

its discretion in shortening the notice period by a mere day. See *Ware v. State*, 191 Ga. App. 538 (382 SE2d 383) (1989); *Dailey v. State*, 197 Ga. App. 501 (398 SE2d 812) (1990).

Nor did the trial court abuse its discretion in determining that the prior conduct with Yearwood was sufficiently similar to the offense charged to be admissible as similar transaction evidence. The rule allowing similar transaction evidence "has been most liberally extended in the area of sexual offenses," *Johnson v. State*, 242 Ga. 649, 652-653 (250 SE2d 394) (1978); and this court has held that the "sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible." *Phelps v. State*, 158 Ga. App. 219, 220 (279 SE2d 513) (1981); *Smith v. State*, 193 Ga. App. 196, 198 (5) (387 SE2d 571) (1989). See also *Brown v. State*, 173 Ga. App. 640, 641 (3) (327 SE2d 515) (1985) (evidence of prior forcible rape committed against victim over the age of sexual consent held admissible in statutory rape case).

While the prior sexual misconduct at issue in the present case was obviously dissimilar to the offense for which the appellant was on trial in that it involved a 17-year-old boy rather than a six-year-old girl, it was evident that the boy was of below-normal intelligence, a condition which would undoubtedly have tended to make him more childlike and helpless than might otherwise have been the case. Based on the foregoing authorities, the trial court was authorized under these circumstances to admit the boy's testimony as evidence of bent of mind and course of conduct. See generally *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). The five-year lapse of time between the two offenses clearly did not preclude the admission of this evidence. See *Cox v. State*, 173 Ga. App. 422 (1) (326 SE2d 796) (1985) (evidence of appellant's prior molestation of his two older daughters some 17 to 22 years previously, when they were adolescents, held admissible in prosecution for molesting their 13-year-old sister); *Cooper v. State*, 173 Ga. App. 254, 255 (325 SE2d 877) (1985) (evidence that defendant had committed incest with his daughters some 19 years previously held admissible in prosecution for committing the same offense with two of his granddaughters). See also *Landers v. State*, 194 Ga. App. 329 (390 SE2d 302) (1990).

2. The trial court did not err in allowing the state to bring to the jury's attention the fact that the appellant was or had been behind in his child-support payments, as the appellant had opened the door to such evidence by attempting to establish that he had a reputation for being a responsible and caring father. See generally OCGA § 24-9-20 (b).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

Decided January 16, 1991 —
Rehearing denied February 1, 1991 —

*Brian D. Lockerbie*, for appellant.

*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Assistant District Attorney*, for appellee.