A91A1103. HAMMOCK v. THE STATE.
(411 SE2d 743)

BEASLEY, Judge.

Two indictments were returned against Hammock. The first charged him with aggravated anal sodomy of L. S., OCGA § 16-6-2 (a), and child molestation by fondling the penis of L. S., a boy less than 14 years of age, OCGA § 16-6-4 (a). The second charged him with child molestation by fondling the genital area of R. W., a boy less than 14 years of age, OCGA § 16-6-4 (a). Hammock was also cited as a recidivist in both indictments, OCGA § 17-10-7. A jury convicted him of both charges in the first indictment and found him guilty of attempted child molestation, OCGA § 16-4-1, under the second indictment.

New counsel filed a motion for new trial asserting the general grounds. Approximately three months later during the following term of court, counsel filed a motion in arrest of judgment attacking the second indictment as void and also an amended motion for new trial asserting that trial counsel was ineffective for, inter alia, failing to object to the allegedly defective indictment.

The trial court dismissed the motion in arrest of judgment as untimely filed and denied the amended motion for new trial after concluding that the challenged indictment was sufficient.

1. Appellant contends that the second indictment for child molestation was defective and void in that it failed to allege an essential element of the crime, that the touching was done with the intent to arouse or satisfy the sexual desires of either the child or the appellant.

(a) An appropriate vehicle for attacking a criminal judgment after it has been rendered on the basis of a void indictment is a motion

in arrest of judgment, made during the term of court at which the judgment was obtained. OCGA § 17-9-61.

Although new counsel entered the case during the term in which the judgments of conviction were rendered, the motion in arrest of judgment was not filed until the following term of court. Dismissal for untimeliness was proper.

Appellant nevertheless urges that this Court should consider the substance of his attack on the indictment because (1) his motion for new trial was filed within the same term of court and the amended motion for new trial should relate back to that term of court, and (2) this Court can construe the motion in arrest of judgment as a petition for a writ of habeas corpus.

The untimely motion cannot be treated as a petition for writ of habeas corpus. The motion was filed in Chatham County, where appellant was convicted. There has been no showing that appellant is incarcerated in Chatham County, nor was the motion filed against the warden of the county in which appellant is incarcerated. See OCGA §§ 9-14-43; 9-14-45; *Lacey v. State*, 253 Ga. 711 (324 SE2d 471) (1985).

Appellant provides no authority for his proposition concerning relation back of the amended motion for new trial. Regardless of the timing of the amended motion for new trial (within or without the term in which the judgments were rendered), it was the appropriate vehicle for raising the claim of ineffective assistance of trial counsel. See *Thompson v. State*, 257 Ga. 386, 387 (2) (359 SE2d 664) (1987). In this case it also raised the issue of the validity of the second indictment.

(b) The indictment accused Hammock "with the offense of: CHILD MOLESTATION 'SPECIAL PRESENTMENT' for that said accused, in the County of Chatham and State of Georgia, on or about the period between March 1, 1989 and April 30, 1989, the exact date being unknown, did perform an immoral and indecent act to and upon [R. W.], a child under 14 years of age, to wit: did touch said child's genital area, contrary to the laws of the State of Georgia, the good order, peace and dignity thereof; . . ."

As restated in *State v. Howell*, 194 Ga. App. 594 (391 SE2d 415) (1990): " '(I)t is an elementary rule of criminal procedure that an indictment should contain a complete description of the offense charged, and that there can be no conviction unless every essential element thereof is both alleged in the indictment and proved by the evidence. (Cit.)' [Cit.] . . . [However], ' "[a]n indictment *substantially* in the language of the Code is sufficient in form and substance." (Cit.)' (Emphasis supplied.) [Cit.] . . . '(W)here the indictment alleges an "offense," and names and describes the offense in terms of the penal statute, and alleges that the act was "unlawfully" committed,

and that it was "contrary to the laws" of the State, and employs language from which it must necessarily be inferred that the criminal intent existed, it is not void because it fails to *expressly* allege the criminal intent. (Cits.)' (Emphasis in original.) [Cit.]"

Hammock's indictment alleges the offense of child molestation in the caption. Although the Code section was not cited, there is only one offense in the state penal code entitled "child molestation." Appellant was familiar with the offense, having been previously convicted of it. The indictment tracks the statutory language in stating that the offense was allegedly committed by an "immoral" or "indecent" act to the less-than-14-year-old child victim. These words are within common understanding. See *McCord v. State*, 248 Ga. 765 (285 SE2d 724) (1982). As to the word "indecent," see *Scarborough v. State*, 231 Ga. 7, 8 (200 SE2d 115) (1973), where it is examined as part of another crime. In the context of "child molestation," the word would alert a defendant that he or she was being charged with committing an unlawful act with a lustful intent against a child. Such an act would inherently be for someone's sexual gratification. The only parties involved in the act of child molestation, i.e., those who could receive gratification from the act, would be the perpetrator or the child victim. Lastly, the language that the act was contrary to state law and its good order, peace and dignity makes clear that the act was committed unlawfully.

From the indictment as a whole, the existence of the requisite criminal intent is implicit. The indictment was not void as a matter of law.

2. Appellant's contention that the failure of his trial counsel to contest the validity of the second indictment amounted to ineffective assistance of counsel under the United States Constitution fails. Its standard requires defendant to show counsel's deficient performance as well as prejudice from the deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Inasmuch as the indictment was not void, see Division 1, supra, appellant was not prejudiced by the failure of trial counsel to challenge it.

3. Appellant's contention that his conviction under the first indictment was tainted because it was tried together with the void second indictment likewise fails. See Division 1, supra.

4. Appellant urges error in the admission of evidence of his acts of child molestation and sodomy against four other boys. He maintains that there was no logical connection between the independent crimes and the charged offenses because none of the independent transactions involved forcible or aggravated sodomy as was charged in the first indictment on trial and because some of them occurred more than eight years prior to the trial on the present charges.

" 'The sexual abuse of young children, regardless of the sex of the

victims or the nomenclature or type of acts perpetrated upon them is of sufficient similarity to make the evidence admissible.' [Cit.]" *Daniel v. State*, 194 Ga. App. 495, 496 (1) (391 SE2d 128) (1990). In addition, there was similarity in fact between the independent transactions and the crimes on trial, as testified to at trial by the victims. Compare *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991).

The independent transactions all involved acts of molestation and sodomy against young boys ranging in age from not quite six to thirteen. In each instance, as in those on trial, the victim's parent or parents were acquainted with appellant or had a family tie with him. The incidents all transpired in either the victims' homes, to which appellant had ready access, or at appellant's residence, often when appellant was babysitting for the victim.

An absence of the element of force in the independent acts is immaterial. "[A]n act of sodomy perpetrated upon a child who has not attained the age of 13 constitutes aggravated sodomy because the act done to a child of that age is automatically done with force and against the child's will." *Huggins v. State*, 192 Ga. App. 820, 821 (1) (386 SE2d 703) (1989).

The time gap between the similar acts and the offenses on trial did not preclude the similar acts. "Mere lapse of time between the commission of any prior similar crimes and the commission of the offenses currently at trial does not render the evidence automatically inadmissible. See *Rich v. State*, 254 Ga. 11, 14 (325 SE2d 761) [(1985)] (evidence eleven years old not inadmissible). Rather, lapse of time is a factor to be taken into consideration when *balancing* the probative value of the evidence against its potentially prejudicial impact." *Oller v. State*, 187 Ga. App. 818, 820 (2) (371 SE2d 455) (1988). See also *Landers v. State*, 194 Ga. App. 329, 330 (2) (390 SE2d 302) (1990) (physical precedent); *Ortiz v. State*, 188 Ga. App. 532, 536 (5) (374 SE2d 92) (1988); *Luckey v. State*, 185 Ga. App. 262, 263 (3) (363 SE2d 791) (1987); *Smith v. State*, 182 Ga. App. 740, 742 (1) (356 SE2d 723) (1987); *Cox v. State*, 173 Ga. App. 422 (1) (326 SE2d 796) (1985).

The independent acts demonstrated a continuing, in fact almost annual, pattern of conduct. Their probative value outweighed the prejudicial impact and admission was not error.

5. Next is whether the trial court erred in denying appellant's motion to sever trial on the two indictments.

" 'In *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975), (the Supreme C)ourt adopted ABA Standards of severance which provide that a defendant is entitled to severance if offenses are joined simply because they are similar in nature.' *Cooper v. State*, 253 Ga. 736 (3) (325 SE2d 137) (1985). However, '(o)nly when the offenses have been joined *solely* because they are of the same or similar character shall

the accused have a right to severance of the offenses. (Cits.)' *Jordan v. State*, 172 Ga. App. 496 (1) (323 SE2d 657) (1984). Offenses are not joined *solely* because they are of the same or similar character where the similarity reaches the level of a pattern evincing a common motive, plan, scheme or bent of mind. *Cooper v. State*, supra at 737. ' "Where the modus operandi of the perpetrator is so strikingly alike, that the totality of the facts unerringly demonstrate and designate the defendant as the common perpetrator, the offenses may be joined — subject to the right of the defendant to a severance in the interests of justice. (Cits.)" ' *Jordan v. State*, supra at 497. '[S]ever[a]nce in this particular kind of circumstance lies within the sound discretion of the trial judge. . . .' *Dingler*, supra, 233 Ga. at 463." *Wilson v. State*, 188 Ga. App. 779, 780 (1) (374 SE2d 325) (1988).

The joined offenses were not similar merely because they were sexual crimes against young boys but because they allegedly were committed in a similar manner, i.e., fondling of the genital areas. Moreover, the crimes were part of a pattern of appellant's sexual abuse of young boys. Severance was not demanded.

6. State's witness psychologist Brandt was permitted to testify about the child sexual abuse or accommodation syndrome. Citing *Allison v. State*, 256 Ga. 851 (353 SE2d 805) (1987), appellant maintains that evidence regarding the syndrome has been held inadmissible in this State over objection at the time of trial.

First, contrary to appellant's interpretation, in *Allison* no objection was made at trial to the scientific reliability of the syndrome; therefore, any deficiency which might have been urged under the principles of *Harper v. State*, 249 Ga. 519 (292 SE2d 389) (1982) was waived. *Allison*, supra at 852 (1). The Supreme Court concluded that, there being no objection under *Harper*, the court did not err in holding that expert testimony of a child sexual abuse syndrome was competent evidence under OCGA § 24-9-67. *Allison*, supra at 852 (2).

Second, expert testimony regarding the syndrome has been permitted at trials for the sexual abuse of children. See, e.g., *Braggs v. State*, 189 Ga. App. 275, 276 (2) (375 SE2d 464) (1988); *Keri v. State*, 179 Ga. App. 664, 665 (1) (347 SE2d 236) (1986).

Lastly, the psychologist testified only generally about the characteristics of the syndrome. She offered no opinion about whether or not the alleged sexual abuse had occurred. Compare *Allison*, supra; *State v. Butler*, 256 Ga. 448, 449 (1) (349 SE2d 684) (1986); *Landers v. State*, supra at 329 (1).

7. Appellant contends that the trial court erred in allowing the district attorney to engage in prosecutorial misconduct by commenting in the jury's presence on the necessity of appellant to take the witness stand to rebut the State's case.

The objected-to comment occurred during the defense's cross-ex-

amination of State's witness, Sergeant Branson. Defense counsel attempted to elicit from the witness that appellant's behavior and response during questioning indicated his innocence of the charges. The State interjected: "Now at this point, Judge, I'm going to object. If Mr. Hammock wants to come into this court and deny it, then we'll let him, but self-serving declarations out of court are hearsay, and I'm going to object at this point."

Following some argument by both sides, the State reiterated its objection. The jury was sent out, there was further argument by counsel, and defense counsel moved for a mistrial. The court denied a mistrial but offered to give instruction to the jury to the effect that the State had the total burden of proof and that the defense had no burden to put up any evidence whatsoever. Defendant accepted the offer but stated that he did not wish to abandon his motion.

The jury returned and was instructed and the defense continued its cross-examination of Branson. In the closing jury charge, the court reaffirmed the State's burden and elaborated: "[T]he defendant in a criminal case is under no duty to present any evidence tending to prove his innocence. He is not required to take the stand and testify in the case. If he elects not to testify, no inference hurtful, harmful, or adverse to the Defendant shall be drawn by the jury, nor shall such fact be held against him in any manner whatsoever."

Appellant relies on the two-prong test derived from *United States v. Rochan*, 563 F2d 1246 (5th Cir. 1977): " '[R]eversal for improper prosecutorial conduct requires a finding that (1) "the prosecutor's manifest intention was to comment upon the accused's failure to testify" or (2) the comment was "of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Ranger*, supra at 319.' [Cits.]" *Turner v. State*, 258 Ga. 97, 101 (4) (365 SE2d 822) (1988).

The record does not show a manifest intention on the prosecutor's part to comment on appellant not testifying. It reflects instead the State's frustration with repeated attempts by defendant to elicit from State's witnesses self-serving declarations allegedly made by the appellant. See *Grude v. State*, 189 Ga. App. 901, 902 (2) (377 SE2d 731) (1989).

Lack of prosecutorial intent ends appellant's claim of reversible error.

8. Another claim of prosecutorial misconduct is described as the district attorney's injecting appellant's character in issue and again commenting on his failure to testify.

The comment at issue occurred during the State's redirect examination of Sergeant Branson. See Division 7, supra. The prosecutor asked: "Based on your training and experience in this area of investigations, is it uncommon for a convicted child molester to deny mo-

lesting new victims?" The witness responded, "Oh, no, sir, not at all." Defendant objected without giving any basis but the court sustained the objection. Defense counsel thanked the court and the State's redirect concluded. In a bench conference defendant then moved for a mistrial on the basis of the objected-to exchange but again provided no legal basis.

Whether or not the motion for mistrial was timely, the failure to raise either the character objection or the complaint of improper comment on the failure to testify precludes appellate review. "[I]t is well-settled that this court will not consider issues raised for the first time on appeal. [Cit.]" *Cooper v. State*, 173 Ga. App. 254, 256 (1) (325 SE2d 877) (1985).

9. Appellant enumerates error in the court's failure to grant a continuance of trial based on certain newly discovered *inculpatory* evidence.

During jury selection, a former Department of Family & Children's Services (DFACS) employee who was testifying as a State's witness was permitted to review her DFACS file for the first time since leaving the agency. She discovered an entry recorded contemporaneously with a telephone conversation with appellant to the effect that appellant admitted the charged molestation of R. W. and that he retained the potential to molest.[1] She disclosed the discovery to the State during the lunch recess of jury selection.

The State prepared a disclosure form containing this new information and served defense counsel with it less than an hour later. The following morning and prior to the swearing of the jury, the Court held a brief hearing on the matter. While the defense mentioned a foreign case allegedly calling for either the exclusion of such late appearing evidence or a continuance, the defense did not move for a continuance. The State read the subject file entry into the record and the court gave defendant the opportunity to interview the witness and inspect the file at the lunch recess. He did not inspect the file.

After the trial resumed, defendant moved for a continuance on the basis that the DFACS file needed to be examined. The court denied the continuance after finding that the defense had had the opportunity at the lunch recess and that it failed to see how the defense would benefit from a continuance in regard to examination of the file. Prior to the witness' testimony, defense counsel examined the notation in the file.

" 'All applications for continuances are addressed to the sound

---

[1] The statement was non-custodial, so OCGA § 17-7-210 is not applicable. *Johnson v. State*, 177 Ga. App. 705 (1) (340 SE2d 662) (1986).

legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require.' OCGA § 17-8-22. 'The grant or denial of a continuance is within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. (Cit.) . . .' [Cit.]" *Graham v. State*, 171 Ga. App. 242, 255 (16) (319 SE2d 484) (1984).

Appellant and counsel had a timely opportunity to examine the file and in fact examined the only cited material from the file, i.e., the alleged statement by appellant, prior to any relevant testimony. Moreover, appellant has not demonstrated how he was harmed in regard to admission of evidence of the statement by being denied a continuance ostensibly to further examine the DFACS file or take steps after learning its content. No abuse of discretion is shown. See *Satterfield v. State*, 256 Ga. 593, 599 (10) (351 SE2d 625) (1987).

10. The evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED OCTOBER 15, 1991 —
RECONSIDERATION DENIED OCTOBER 24, 1991 —

*Mark J. Nathan*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.

