**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**January 17, 2013**

# In the Court of Appeals of Georgia

A12A1887. AGAN v. THE STATE.

A12A1888. AGAN v. THE STATE.

BOGGS, Judge.

In these consolidated cases, Gregory Agan appeals from his conviction of one count of statutory rape (Count 8), contending the trial court gave an erroneous jury charge. While he does not assert any error with regard to his remaining convictions for three counts of aggravated sodomy, four counts of aggravated child molestation, and three counts of child molestation involving three victims,[1] he contends in a second enumeration of error that his sentence on one count of child molestation should be vacated because it was merged into his statutory rape conviction. The State

---

[1] The trial court granted the State's motion to join Floyd County Superior Court Case No. 10CR00912 with Floyd County Superior Court Case No. 11CR01142 for trial. One case involved two victims. and the other case involved a third victim.

laudably concedes that both of these claimed errors have merit. Based upon our review of the record and the trial court's charge, we agree and reverse Agan's statutory rape conviction, vacate his sentence for child molestation (Count 7 in Case No. 10CR00912), and remand for resentencing.

1. The record shows that the trial court instructed the jury as follows:

And I'm going to start with statutory rape. It's just the first one in the book.

A person commits the offense of rape when he has carnal knowledge of a female under the age of 10. Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ. Insofar as the charge is concerned in this case, the State must prove beyond a reasonable doubt that the alleged victim was under the age of 10.

At the conclusion of the charge, defense counsel informed the trial court, "I think we both have an exception to the charge." Counsel for the State then asserted, "In charging on statutory rape, you gave the rape charge" and the correct charge "includes indication of slight penetration and corroboration." The trial court disagreed, stating, "There's no difference now in the charge of statutory rape and rape

2

under a particular age . . . [b]ecause it takes the element of force out of that."[2] The trial court decided, however, that it should have charged the jury on statutory rape under the age of 16 instead of statutory rape under the age of 10. It then recalled the jury, informed them that it should have charged them "under the age of 16," and advised that "[t]he rest of the definition is accurate" with regard to statutory rape. Neither the State nor defense counsel made any objection to the trial court's recharge; the trial court did not solicit any additional objections or exceptions to the charge.

OCGA § 16-6-3 (a) provides: "A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, *provided that no conviction shall be had for this offense on the unsupported testimony of the victim*." (Emphasis supplied.)

> [T]he quantum of corroboration needed in a statutory rape case is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient

[2] The trial court apparently reached this conclusion based upon a jury charge book which we cannot identify from the record before us. We note that both the third and fourth editions of the Suggested Pattern Jury Instructions for criminal cases prepared by the Council of Superior Court Judges contain a charge on statutory rape that instructs the jury about the requirement of corroboration. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 2.36.11 (4th ed. 2007); Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 2.20.11 (3rd Ed. 2003).

corroboration, and *ultimately the question of corroboration is one for the jury*.

(Citations and punctuation omitted; emphasis supplied.) *Williamson v. State*, 315 Ga. App. 421, 424 (1) (b) (727 SE2d 211) (2012).

In *Whited v. State*, 173 Ga. App. 435 (326 SE2d 803) (1985), we reversed the defendant's statutory rape conviction based upon the trial court's failure to charge the jury "that it may not render a guilty verdict without determining that evidence corroborating the victim's testimony was presented." Id. at 436 (3). Notably, we reversed the conviction even though we concluded that the evidence before the jury presented sufficient evidence of corroboration. Id. at 435 (1). Although not expressly stated in our opinion, we presumably concluded that the failure to charge on corroboration was harmful as a matter of law. See *Chase v. State*, 277 Ga. 636, 639 (2) (592 SE2d 656) (2004) ("when a given instruction 'fails to provide the jury with the proper guidelines for determining guilt or innocence, it is clearly harmful and erroneous as a matter of law' [Cit.]").

Because defense counsel failed to object to the trial court's recharge after his initial objection and did not object to the trial court's conclusion that it had given the proper instruction based upon its charge book, we must apply a plain error analysis.

See *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011); OCGA § 17-8-58 (b). In *Kelly*, the Supreme Court of Georgia held that each of the following four prongs must exist to demonstrate plain error:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived,[3] by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

(Citations and punctuation omitted.) Id. at (2) (a). In this case, all four prongs are present: the trial court's charge was erroneous; the error is clear and obvious; it affected Agan's substantial right to a charge that provided the jury with the proper guideline for determining his guilt or innocence; and failing to remedy this error

---

[3] As in *Cheddersingh v. State*, 290 Ga. 680 (2) (724 SE2d 366) (2012), the exchange between the trial court and defense counsel in this case does *not* show that Agan "*intentionally* relinquished his right" to a proper charge on statutory rape. (Emphasis in original.) Id. at 684. His objection was therefore not "affirmatively waived" under *Kelly*, supra. Id.

5

would seriously affect the fairness, integrity, or public reputation of judicial proceedings. Cf. *Cheddersingh v. State*, 290 Ga. 680, 686 (2) (724 SE2d 366) (2012) (reversing murder conviction based upon plain error in verdict form regarding presumption of innocence).

We therefore reverse Agan's conviction for statutory rape,[4] vacate his sentence for child molestation (Count 7 in Case No. 10CR00912), and remand for resentencing on Count 7. The sentence must be vacated on Count Seven because the trial court merged it into the statutory rape sentence. See *Muir v. State*, 248 Ga. App. 49, 52 (1) (b) (545 SE2d 176) (2001) (vacating sentence for conviction that trial court merged into separate offense reversed on appeal due to erroneous jury charge).

2. Agan's remaining enumeration regarding his sentence for statutory rape is rendered moot by our holding in Division 1.

*Judgments reversed in part, vacated in part, and remanded in part with direction. Doyle, P. J. and Andrews, P. J., concur.*

---

[4] Because sufficient evidence supports Agan's statutory rape conviction, he may be retried. See *Lively v. State*, 262 Ga. 510, 512 (3) (421 SE2d 528) (1992); *Craft v. State*, 309 Ga. App. 698, 698-699 (710 SE2d 891) (2011).