## 73115. EIDSON v. THE STATE.
(355 SE2d 691)

POPE, Judge.

Curtis Eidson brings this appeal from his conviction of five counts of child molestation (OCGA § 16-6-4) and one count of simple battery (OCGA § 16-5-23). We affirm.

The record reveals that one of the victims was a fourteen-year-old female who testified that she knew appellant as the father of her "best friend." Her contact with him resulted from her social relationship with his daughter. She stated that beginning in the third grade and on several occasions thereafter, appellant would rub her back and "work his hands around" to her chest as she watched television with him and his daughter at their home. On several occasions while she was at appellant's home or while she drove with him in his truck, he would "touch himself" and touch her on the chest area and sometimes "down lower"; that several times he performed oral sex on her and on occasion required that she reciprocate; that approximately three years before trial, he took semi-nude photographs of her while she posed on top of a toy box in the basement of his home; and that between her seventh and eighth grade year, he attempted to have sexual intercourse with her and made other improper advances while in a bedroom in his home. The testimony of this victim was offered as evidence of four counts of child molestation as well as evidence of similar transactions.

The second victim was fourteen years old at the time of trial. She was on the same cheerleading squad with appellant's daughter and the first victim. Approximately two years before trial, appellant offered to teach her to drive. During the driving lesson, he placed his hand under her shirt and touched her on the right breast. This testimony was offered as evidence of one count of child molestation.

The third victim was in the ninth grade at the time of trial. She

testified that during the eighth grade, appellant was driving her home from a party at his home when he touched her on the breast. This testimony was offered as evidence of simple battery.

Other testimony offered as evidence of similar transactions included that of a seventeen-year-old female. She testified that approximately six years before trial while she helped make leather bracelets in appellant's basement, he asked if she knew what cupping her breasts meant; then, he showed her. On another occasion, he made improper advances toward her when she spent the night with his daughter at his home. Lastly, she testified that he took several children to a creek and "made us go skinny dipping." Another witness confirmed this and testified that "he wouldn't let us dry off by oursel[ves]. He had to dry us off."

1. Appellant argues that the prosecutor made improper remarks while posing objections to appellant's closing argument; therefore, appellant argues that he was denied due process, equal protection, and a fundamentally fair trial. The record does not contain a transcript of closing arguments; it contains only objections made thereto. Prosecutorial objections made during appellant's closing argument reflect, however, that they were directed to a *reference by appellant's counsel* to the prosecution's failure to call appellant's wife, daughter and psychiatrist to the stand. The record reflects that appellant failed to move for mistrial, or request curative instructions, or otherwise object to the method by which the prosecution framed his objections at trial. For purposes of appeal, therefore, appellant has waived any right to review of the same. *Whatley v. State*, 165 Ga. App. 13 (2) (299 SE2d 87) (1983). See also *Adams v. State*, 171 Ga. 90 (8) (154 SE 700) (1930).

2. Appellant argues that the failure of the State to comply with the notice requirements of Uniform Superior Court Rule 31.3 regarding similar transactions resulted in a violation of due process, equal protection, and a fundamentally fair trial. He develops this argument by stating that the failure of the prosecution to provide him with specific dates of other similar transactions places him in a dilemma in the event of future prosecutions.

Uniform Superior Court Rule 31.3 requires the prosecution to file notice in writing of an intent to present evidence of similar transactions at trial. The notice must state the "transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced." The record reveals that the minor witnesses who testified could only remember general dates, not specific ones. Therefore, the prosecution did not have specific dates of similar transactions in its possession. In revealing to appellant the information which it had, the prosecution complied with Rule 31.3. See *Cargill v. State*, 255 Ga. 616 (16) (340 SE2d 891) (1986); *Stewart v.*

*State*, 180 Ga. App. 266 (2) (349 SE2d 18) (1986). See generally *Sweatman v. State*, 181 Ga. App. 474 (1) (352 SE2d 796) (1987). Further, appellant's claim of double jeopardy must fail in that he does not presently have standing to raise on appeal the possibility of future harm. This court corrects only such errors as have actually wronged the complaining party, not speculative ones. See *Arnold v. State*, 146 Ga. App. 624 (2) (247 SE2d 207) (1978).

3. Appellant cites as error the admission of photographs taken of his residence pursuant to a search warrant issued shortly before trial, contending that the purpose of issuance of the warrant was improper and illegal. Appellant also argues that the trial court erred in failing to conduct an evidentiary hearing on his motion to suppress.

The record discloses that prior to trial appellant raised the issue of his motion to suppress. The assistant district attorney stated in his place that no physical evidence seized as a result of the search would be tendered, only photographs of the alleged crime scene. These photographs were subsequently admitted over appellant's objection.

Clearly, appellant was entitled to a hearing on his properly filed motion to suppress. OCGA § 17-5-30 (b); *Gray v. State*, 145 Ga. App. 293 (1) (243 SE2d 687) (1978). However, "harm or prejudice must be demonstrated before a violation of [OCGA § 17-5-30 (b)] can be said to give rise to reversible error." *State v. Peabody*, 247 Ga. 580, 582 (277 SE2d 668) (1981). Appellant has failed to show such harm or prejudice. See generally *Yarbrough v. State*, 151 Ga. App. 474 (2) (260 SE2d 369) (1979). Moreover, apart from these photographs, the evidence against appellant is so overwhelming that it is highly probable that their admission did not contribute to his conviction. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

4. Appellant argues that the prosecution's failure to introduce evidence of specific dates for each count of the indictment as well as its failure to introduce specific dates for similar transactions could have resulted in jury confusion as to which evidence was offered for the substantive acts and which evidence was offered for the similar transactions. This argument is without merit. As appellant concedes, proof of the date of commission of a crime is not generally a necessary element which the State must prove beyond a reasonable doubt. See *Reynolds v. State*, 147 Ga. App. 488 (3b) (249 SE2d 305) (1978). Further, the record reveals that the court instructed the jury that appellant was on trial for the particular offenses described in the special presentment, and not for any other charge or charges. Also, the court instructed that "[e]vidence of the defendant's conduct with reference to similar transactions about the same time is admitted solely for the jury to consider only as it might tend to illustrate the defendant's state of mind on the subject involved. If you think it does so illustrate it, and for that purpose alone, you are not to consider it for any other

purpose. . . . Whether the accused has or has not committed other similar offenses is a matter solely for your determination. However, if you believe that the accused has had similar transactions . . . you are considering it solely with reference to the mental state, identity or intent of the accused insofar as the same is applicable to . . . the charge contained in the Special Presentment in this case and for no other purpose." In view of these instructions, jury confusion is merely speculative and without foundation. See *Melton v. State*, 175 Ga. App. 472 (1) (333 SE2d 682) (1985).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED MARCH 9, 1987 —
REHEARING DENIED MARCH 26, 1987 —

*Frank J. Petrella*, for appellant.
*Frank C. Winn*, District Attorney, *J. David McDade*, Assistant District Attorney, for appellee.