74404. BRADLEY v. THE STATE.
(356 SE2d 753)

DEEN, Presiding Judge.

The appellant, M. G. Bradley, was convicted of two counts of child molestation. On appeal, he contends that the trial court should

have granted his motion for a change of venue; that the trial court erred in disallowing isolated, individual voir dire of the jurors; and that the trial court should have granted his motion for new trial.

1. The basis for the appellant's motion for change of venue was that local public reaction to a charge of child molestation was so strong that the local jurors could not fairly hear the evidence and observe a presumption of innocence. The question of whether to change venue addresses itself to the sound discretion of the trial court, which will not be disturbed on appeal absent an abuse of that discretion. *Reaves v. State*, 242 Ga. 542, 548 (250 SE2d 376) (1978). To accept the general basis for the appellant's motion, of course, would strip the trial court of its discretion, which this court declines to do. There obviously was no abuse of discretion in refusing to change venue in this case. The brief newspaper article which reported the incident certainly did not fix a need for a change of venue, and, in any event, the appellant did not exhaust his peremptory strikes, which generally precludes reversal of a trial court's denial of a motion to change venue. *Coleman v. State*, 237 Ga. 84, 92 (226 SE2d 911) (1976).

2. The trial court allowed defense counsel to ask individual questions of the jurors during voir dire, but disallowed examination of each juror outside the presence of the others. The right to individual examination of jurors does not encompass isolated examination. *Stevens v. State*, 247 Ga. 698 (278 SE2d 398) (1981). Defense counsel in this case was allowed to question each juror thoroughly, and we find no abuse of discretion in the denial of his request for isolated voir dire. *Simmons v. State*, 168 Ga. App. 1 (308 SE2d 27) (1983).

3. The modus operandi included buying Coca Colas, Pepsi Colas, candy and giving twenty dollar bills to the 10 and 11-year-old victims in order to coax and lure them into his trailer where he placed his hands on their privates. Compare *Howell v. State*, 172 Ga. App. 805, 808 (324 SE2d 754) (1984). The appellant concedes that the evidence authorized a rational trier of fact to find him guilty beyond a reasonable doubt of both counts of child molestation, but contends that the evidence also was sufficiently close to warrant the trial court's exercise of discretion to grant a new trial. The trial court could have granted a new trial, but no abuse of discretion resulted from the refusal to do so in this case.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur*

DECIDED APRIL 24, 1987.

*John D. Mattox*, for appellant.
*Glenn Thomas, Jr., District Attorney, Stephen D. Kelley, Assis-*

*tant District Attorney*, for appellee.