A89A0826. RHODES v. THE STATE.
(386 SE2d 857)

CARLEY, Chief Judge.

Appellant was indicted for four counts of aggravated child molestation. After a jury trial, he was found guilty of only one count. He now appeals from the judgment of conviction and sentence that was entered on the guilty verdict.

1. Over appellant's objection, the trial court allowed the State to introduce evidence of similar crimes. This ruling is enumerated as error.

"Our Supreme Court has noted that '(t)he exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses. (Cits.)' [Cit.] . . . 'The sexual molestation of young children, regardless of sex or type of act, is [of] sufficient similarity to make the evidence admissible.' [Cit.]" *Cox v. State*, 173 Ga. App. 422 (1) (326 SE2d 796) (1985). The witnesses who testified as to independent crimes in the present case were a ten-year-old boy, an eleven-year-old boy, and appellant's 34-year-old son. Their testimony was " 'relevant to show defendant's intent, bent of mind or general plan to gratify his lust, passion and sexual desires ([cit.]), an element in the crime with which he was charged. (Cits.)' [Cit.]" *Cox v. State*, supra at 423 (1). "While the

dates given in the notice were not specific, 'the prosecution did not have specific dates of similar transactions in its possession. In revealing to appellant the information which it had, the prosecution complied with [Uniform Superior Court] Rule 31.3. (Cits.)' [Cit.]" *Patten v. State*, 184 Ga. App. 152, 154 (3) (361 SE2d 203) (1987). See also *Eidson v. State*, 182 Ga. App. 321, 322 (2) (355 SE2d 691) (1987); *Eberhardt v. State*, 257 Ga. 420, 421 (2) (359 SE2d 908) (1987).

Appellant further urges that the State erroneously introduced evidence of an alleged incident of child molestation of which he was acquitted. See generally *Salcedo v. State*, 258 Ga. 870 (376 SE2d 360) (1989). However, the record does not support this contention. Moreover, no timely objection was made. See generally *Boscaino v. State*, 186 Ga. App. 133, 134 (3) (366 SE2d 789) (1988).

2. The trial court's denial of appellant's motion for an independent psychiatric examination of the State's witnesses is enumerated as error. "We are aware of no statutory authority nor case law in this [S]tate that mandates the involuntary examination of a . . . victim [of child molestation]. . . . Under the circumstances of this case, we discern no abuse of discretion in the denial of a psychiatric examination of the victim[s]." *J. B. v. State*, 171 Ga. App. 373, 376 (4) (319 SE2d 465) (1984). See also *Porter v. State*, 188 Ga. App. 675, 676 (2) (373 SE2d 805) (1988).

3. Appellant enumerates as error the trial court's denial of his motion for new trial on the ground of newly discovered evidence.

The asserted newly discovered evidence was the exculpatory testimony of appellant's sister. " 'Motions for new trial on the ground of newly discovered evidence are not favored and are addressed to the sole discretion of the trial judge, which will not be controlled unless abused. (Cit.) Here the trial court had the duty of evaluating the credibility of a witness who was [appellant's sister]. . . . If it is not reasonably apparent to the trial judge that the alleged newly discovered evidence would probably produce a different result, then a new trial should not be ordered. (Cits.)' " *Evans v. State*, 177 Ga. App. 820, 822 (4) (341 SE2d 483) (1986). At the hearing on the motion for new trial, appellant's sister testified that she specifically recalled that she was at appellant's house on the date of the alleged crime until 5:00 p.m. and that he was very sick. However, this testimony is not exculpatory of appellant because she also testified that appellant had picked the victim up at school and that she did not know what had happened after 5:00 p.m. The trial court did not err in denying appellant's motion for new trial.

4. The trial court's denial of several motions for mistrial based upon prosecutorial misconduct is enumerated as error.

Appellant's contention that a mistrial should have been granted as the result of the State's intentional introduction of inadmissible

evidence of similar crimes is without merit in light of our holding in Division 1.

During closing argument, the assistant district attorney stated that the victim "was the most sincere witness I think that you will ever see" (T. 424) and later urged "with the sincerity of every fiber in my being that you find [appellant] guilty." (T. 426) By engaging in such argument, the assistant district attorney did not impermissibly express his personal opinion as to appellant's guilt but merely urged the jury to reach certain conclusions from the proven facts. See generally *Shirley v. State*, 245 Ga. 616, 617 (1) (266 SE2d 218) (1980).

When the victim started crying during direct examination, the assistant district attorney, who was the only person in the courtroom whom the victim knew, comforted him without the court's permission and, at the recess that was immediately requested by appellant's counsel, escorted him out of the courtroom. "We do not believe the trial court's denial of appellant's motion for mistrial amounted to an abuse of discretion." *Patten v. State*, supra at 153 (2). See also *Jordan v. State*, 172 Ga. App. 496, 498 (3) (323 SE2d 657) (1984).

The remaining instance of alleged prosecutorial misconduct is the State's failure to provide appellant with the addresses and telephone numbers of certain witnesses. Although the trial court's failure to grant a mistrial on this ground is cited as error, the record shows that no motion for mistrial was ever made. Moreover, the record does show that there was no prosecutorial misconduct because appellant *was* provided with the relevant information, but the witnesses declined to speak with appellant's counsel. The mere fact that the State had informed the witnesses of their right to refuse to speak with appellant's counsel shows no prosecutorial misconduct. See *Baxter v. State*, 254 Ga. 538, 541 (4) (331 SE2d 561) (1985).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 26, 1989 —

*Weaver & Weaver, Brenda T. Weaver, George W. Weaver*, for appellant.

*Roger G. Queen, District Attorney, J. Roger Thompson, Angela A. Byne, Assistant District Attorneys*, for appellee.