## A90A2345. PARCELL v. THE STATE.
(401 SE2d 628)

BANKE, Presiding Judge.

On appeal from his convictions of aggravated battery and aggravated assault, the appellant contends the trial court erred in admitting evidence of similar misconduct for which he was not on trial.

The appellant's wife testified that after accusing her of provoking the interest of other men, the appellant beat and kicked her about the face, stomach, and back. Two days later, she advised her supervisor at work that her husband had beaten her and that because she feared further abuse she was leaving him and returning to her home in Texas. Later that day, local police accompanied her to her home at her request while she packed her belongings. She then drove to a friend's home in another county and asked that friend to accompany her to Charlotte, Tennessee, where she and the appellant had recently been married and where she hoped to obtain an annulment. The following day, while en route to Tennessee, she sought medical treatment for severe abdominal pain. This led to her hospitalization for multiple contusions and for the removal of a ruptured spleen.

The victim testified that the appellant had subjected her to a previous beating in July of 1988, after accusing her of going out with another man. A neighbor testified that although she could not specify the date, she had witnessed the appellant beat and kick his wife at the location and during the general time period in question. The appellant made no contemporaneous objection to this testimony but moved the court at the conclusion of the state's case to strike all similar act testimony or, in the alternative, to declare a mistrial. Both motions were denied. In its charge to the jury, the trial court gave proper limiting instructions with respect to the purpose for which similar act evidence could be considered. *Held*:

1. Pretermitting the issue of the timeliness of the appellant's motions, we hold that the evidence in question was properly admitted for the purpose of showing bent of mind and course of conduct. "[T]he [rule allowing the admission of similar transaction evidence] is usually applied more liberally with 'evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged. . . .' [Cits.] 'Certain otherwise inexplicable assaults, such as occur in a series of incidents of wife or child abuse, particularly lend themselves to this exception to the "other offenses" rule on questions of both identity and motive. (Cits.)' [Cit.]"

*Gresham v. State*, 169 Ga. App. 525 (1) (314 SE2d 111) (1984). We reject the appellant's contention that this evidence should have been excluded on the ground that the "notice of intent to present similar transaction evidence" filed by the state merely stated that the prior incident had occurred between May 1, 1988, and November 5, 1988, without giving an exact date. The witnesses themselves were unable to specify the exact date on which the prior incident had occurred, and the appellant has not shown that this lack of specificity misled or prejudiced him in any way. Accordingly, we hold that "[i]n revealing to appellant the information which it had, the prosecution complied with [Uniform Superior Court] Rule 31.3." *Eidson v. State*, 182 Ga. App. 321 (2) (355 SE2d 691) (1987).

2. One of the victim's co-workers, who had observed the victim's condition following the beating at issue in the present case, related her observations in this regard and further testified that she had observed bruises on the victim's body on previous occasions, as well. Appellant's counsel objected to this latter testimony and asked the trial court either to "find out what it is they're going to say next" or to declare a mistrial on the ground that his character had been impermissibly placed in issue. The state's attorney responded that he would not question the witness further on this subject, and the motion for mistrial was denied. Pretermitting whether the testimony in question was objectionable, we hold that in the context of the other evidence in the case, it is highly probable that it did not contribute to the verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976); *Washington v. State*, 194 Ga. App. 756 (4) (391 SE2d 718) (1990). Accordingly, this enumeration of error establishes no ground for reversal.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 31, 1991.

*Steven E. Lister*, for appellant.
*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney*, for appellee.