## A90A1877. GILSTRAP v. THE STATE.
(404 SE2d 629)

McMurray, Presiding Judge.

Defendant was found guilty of one count of aggravated child molestation and two counts of child molestation and this appeal followed. *Held:*

1. In his first three enumerations of error, defendant contends that the trial court erred in refusing to disqualify three veniremen, Sheridan, Pittman and Richards, for cause.

" ' "When a prospective juror has formed an opinion based on hearsay (as opposed to being based on his having seen the crime committed or having heard the testimony under oath), to disqualify such individual as a juror on the ground that he has formed an opinion on the guilt or innocence of a defendant, the opinion must be so fixed and definite that it would not be changed by the evidence or charge of the court upon the trial of the case." (Cits.)' *Waters v. State,* 248 Ga. 355, 362 (283 SE2d 238) (1981)." *Childs v. State,* 257 Ga. 243, 250 (8) (357 SE2d 48) (1987).

" 'Whether to strike a juror for favor lies within the sound discretion of the trial court ((cits.)), and absent manifest abuse of that discretion, appellate courts will not reverse. (Cit.) . . . The fact that a potential juror may have some doubt as to his impartiality, or complete freedom from all bias, does not demand as a matter of law that the juror be excused for cause. (Cits.)' *Harris v. State,* 178 Ga. App. 735, 736 (1) (344 SE2d 528) (1986)." *Scott v. State,* 193 Ga. App. 577, 578 (2) (388 SE2d 416).

Under the particular facts and circumstances of the case sub judice, the trial court's refusal to excuse these three prospective jurors for cause was not a manifest abuse of discretion.

2. Defendant contends in his fourth enumeration that the trial court erred in limiting his voir dire examination of three prospective jurors, Sheridan, Richards and Pittman, who indicated that they had preconceived ideas of defendant's guilt or innocence, but affirmed that they could set aside their prejudices and decide the case based solely upon the evidence presented at trial and instructions given by

the trial court. More specifically, defendant contends he should have been allowed to ask: "How would [your preconceived notions about the case] ever be erased from your mind? Would the defendant have to prove to you that he didn't do these things? What would it take to erase those notions from your mind. . .? . . . What would it take to [erase partiality from your mind]? What would it take to erase that preconceived notion [of partiality from your mind]?"

"The trial court has broad discretion as to what questions should be allowed on voir dire, and that discretion will not be disturbed absent abuse. *Wilcox v. State*, 250 Ga. 745, [759] (301 SE2d 251) (1983); *Ridgeway v. State*, 174 Ga. App. 663 (330 SE2d 916) (1985)." *Coleman v. State*, 189 Ga. App. 366 (3), 367 (375 SE2d 663). In the case sub judice, the trial court did not abuse its discretion in refusing to allow defense counsel's pursuit of the above lines of inquiry as the questions were not dispositive of the jurors' qualifications.

It is unnecessary that partiality be "erased" from a prospective juror's mind. To say otherwise "would be to establish an impossible standard." *Irvin v. Dowd*, 366 U. S. 717, 723 (81 SC 1639, 6 LE2d 751). It is sufficient if the prospective juror can lay aside his impression or opinion of an accused's guilt or innocence and decide the case based solely on the evidence adduced at trial and instruction given by the trial court. *Irvin v. Dowd*, 366 U. S. 717, 723, supra. Under such circumstances, the only relevant inquiry would be to determine whether the prospective juror's preconceived views of the case are "so fixed that [the juror] would not follow the instructions of the trial court." *Wilcox v. State*, 250 Ga. 745, 757 (301 SE2d 251).

3. In his fifth enumeration, defendant contends the trial court erred in refusing his request to ask prospective jurors the following: "Can you restrict your deliberation to this case based upon the evidence submitted and the charge given by the Court as to whether or not the defendant has committed any act of child molestation on [the victims]?"

The record reveals that no ruling was invoked on this specific question, which was an amended version of a previous question. "Accordingly, '(t)here is nothing for us to review since appellant failed to make his objection at trial on the specific ground he attempts to raise on appeal.' [Cit.]" *Ingram v. State*, 192 Ga. App. 196, 198 (2) (384 SE2d 262).

4. In his sixth enumeration, defendant contends the trial court erred in prohibiting him from questioning "similar transaction witnesses" about "sexual relations" they had with persons other than defendant. Defendant argues that this evidence was relevant to show that the "similar transaction witnesses" were molested by someone other than defendant.

Three adult witnesses testified that they attended organized

youth activities directed by defendant when they were children; that these activities included visits to defendant's summer cottage and that defendant molested them at his summer cottage. Two of the witnesses remembered that defendant's cottage was painted red. Later, defendant presented testimony showing that his cabin has never been painted red, but that "[i]t was always green." Defendant then presented testimony showing that defendant's youth activities were also conducted on the property of Louis Timms and that Mr. Timms "had a barn that was barn red." Defendant argues that this evidence and proffered testimony that Louis Timms had molested the three "similar transaction witnesses" when they were children was relevant to show that defendant did not molest the "similar transaction witnesses." This argument is without merit.

"The introduction of past sexual experiences of the [similar transaction] victims is not only irrelevant and prejudicial, but it also fails to address the issue of credibility. A child is no more or no less credible because of prior incidents of molestation." *Ortiz v. State*, 188 Ga. App. 532 (1), 533 (374 SE2d 92). Further, even assuming this evidence had some probative value in discrediting the similar transaction victims' testimony, we find no harmful error in its exclusion. These witnesses' identification testimony carried a high degree of reliability, i.e., defendant was a leader of the witnesses' religious organization, the witnesses gave detailed descriptions of the acts of molestation and they described repeated incidents of molestation committed against them by defendant at locations other than defendant's summer cottage. This enumeration is without merit.

5. Defendant contends in his seventh enumeration of error, "[t]he trial court erred in admitting [eight] similar transactions which were from 6 to 30 years old. . . ." Defendant argues that these prior sexual acts were too far removed in time to be admissible as similar acts or transactions.

"Although lapse of time is one of the more important factors to weigh in considering the admissibility of evidence of similar crimes, it is not wholly determinative. *Campbell v. State*, 234 Ga. 130, 132 (214 SE2d 656) (1975)." *Cooper v. State*, 173 Ga. App. 254 (1), 255 (325 SE2d 877). The primary conditions which must be satisfied for the introduction of such evidence are as follows: "First, there must be evidence that the defendant was, in fact, the perpetrator of the crime; second, there must be sufficient similarity or connection between the independent crimes and the offense charged that proof of the former tends to prove the latter. *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982)." *Cooper v. State*, 173 Ga. App. 254 (1), 255, supra.

In the case sub judice, eight adult witnesses testified that defendant committed acts of child molestation against them when they were young boys. These acts of child molestation were similar in method

and object to the acts of child molestation committed against the male victims. More specifically, the boys were approached by defendant and molested after he gained their confidence as a leader in the community and as a leader of young children in a religious organization. "Under such circumstances, we do not believe the lapse of time between the independent crimes and the offenses charged is a determinative factor which would make such evidence inadmissible. *Campbell*, supra. The lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility. *Milton v. State*, 245 Ga. 20, 26 (262 SE2d 789) (1980); *Barnes v. State*, 157 Ga. App. 582, 583 (1) (277 SE2d 916) (1981)." *Cooper v. State*, 173 Ga. App. 254 (1), 255, supra. See *Oller v. State*, 187 Ga. App. 818, 819 (2) (371 SE2d 455).

Defendant also contends that "[t]he trial court erred in admitting evidence of similar transactions . . . for which the State was unable to provide [him] with the times of the alleged transactions sufficient to allow him to present a defense as to those claims."

The State concedes in its "Notice of Intent to Introduce Evidence of Similar Transactions" that it was unable to give specific dates of the alleged similar crimes because it was not aware of the exact dates. However, the State's "Notice of Intent to Introduce Evidence of Similar Transactions" does contain the names of the victims of the similar acts, the general span of time of the alleged similar acts, the specific similar acts of molestation and the locations of the similar acts. Under these circumstances, we find the State's notice to defendant of its intent to introduce evidence of similar transactions sufficient to enable defendant to prepare a defense to those claims. See *Patten v. State*, 184 Ga. App. 152, 153 (3) (361 SE2d 203) and *Eidson v. State*, 182 Ga. App. 321, 322 (2) (355 SE2d 691).

6. Next, defendant complains of the admission of evidence of similar transactions in violation of Rules 31.1 and 31.3 of the Uniform Rules for the Superior Courts. This evidence was not discovered by the State until one witness volunteered the information four days before trial, and another revealed it three days after the trial had commenced. Defendant was promptly served with notice of the newly-discovered evidence after the prosecutor became aware of it. The trial court ruled these similar transactions would be admissible once defense counsel had an opportunity to interview the witnesses; defendant was also offered additional time to investigate one transaction, which his attorney declined. "Under such circumstances we find no error in overruling appellant's objection to the presentation of such evidence. Common sense dictates that the State cannot give notice of its intention to introduce evidence ten days prior to trial when it is not aware of the existence of such evidence [at that time]." *Roman v. State*, 185 Ga. App. 32, 33 (1) (363 SE2d 329). "Rule 31.1

authorizes the trial judge to shorten the time required for giving such notice, and we find no abuse of discretion here. . . ." *Willis v. State*, 191 Ga. App. 251, 252 (1) (a) (381 SE2d 416).

Additionally, defendant contends it was error for the trial court to permit the admission of similar transaction evidence by the State based upon a statement in place by the prosecutor as to what the evidence was expected to be. Defendant protests that this was an abuse of discretion. We do not agree. This Court has repeatedly approved such a hearing procedure as being in substantial compliance with Rule 31.3 of the Uniform Rules for the Superior Courts requiring the trial judge to hold a hearing out of the presence of the jury and receive evidence on any issue of fact necessary to determine the request to permit evidence of similar transactions. E.g., *Grogan v. State*, 192 Ga. App. 234 (384 SE2d 441); *Houston v. State*, 187 Ga. App. 335, 337 (2), 338 (370 SE2d 178); *Hall v. State*, 181 Ga. App. 92 (1) (351 SE2d 236). "[The] primary consideration [is] whether defendant was *deprived* of any substantial rights in the State's execution of the intent of the Rule. [Cit.] 'The burden is on the party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse.' [Cit.] We find substantial compliance with the Rule [cit.], and no reversible error." *Houston v. State*, 187 Ga. App. 335, supra at 338.

7. In his last enumeration, defendant contends the trial court erred in allowing the State to present similar transaction evidence before presenting "any evidence concerning the charged offenses."

"The order in which evidence is allowed to be introduced, must rest, to a considerable extent, in the sound discretion of the presiding judge." *Williams v. State*, 123 Ga. 138, 140 (1) (51 SE 322). In the case sub judice, we find no abuse in allowing the State to introduce similar transaction evidence before presenting evidence "concerning the charged offenses." See Green, Ga. Law of Evidence (3d ed.), p. 37, § 16.

*Judgment affirmed. Sognier, C. J., concurs; Carley, J., concurs in Divisions 1, 3, 4, 5, 6, 7 and in the judgment.*

DECIDED MARCH 11, 1991 —
REHEARING DENIED MARCH 22, 1991 — ▮▮▮▮▮▮

Cook & Palmour, Bobby Lee Cook, Robert E. Andrews, Alan J. Baverman, for appellant.

C. Andrew Fuller, District Attorney, Lee Darragh, Leonard C.

*Parks, Jr. Assistant District Attorneys,* for appellee.

