S91G0888. GILSTRAP v. THE STATE.
(410 SE2d 423)

</div>

WELTNER, Justice.

The Court of Appeals affirmed the conviction of L. G. Gilstrap of child molestation and aggravated child molestation. *Gilstrap v. State*, 199 Ga. App. 223 (404 SE2d 629) (1991). We granted certiorari to consider the admissibility of "similar transactions" evidence.

1. (a) In *Womack v. State*, 260 Ga. 21, 22 (4) (389 SE2d 240) (1990), we quoted from *Sears v. State*, 182 Ga. App. 480, 482 (356 SE2d 72) (1987), as follows:

"The purpose of a statute of (limitation) is to limit exposure to criminal prosecution to a certain fixed period of time fol-

---

lowing the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. . . ."

(b) A like rationale applies to the admission of "similar transaction" evidence, and is the basis for excluding evidence of events that are remote in time. Where "similar transaction" evidence has been admissible otherwise, lapses of time of 11 years (*Rich v. State*, 254 Ga. 11, 14 (1) (325 SE2d 761) (1985)) and of 19 years (*Cooper v. State*, 173 Ga. App. 254, 255 (325 SE2d 877) (1985)) have not demanded that the evidence was inadmissible. It should be clear, however, that an event 31 years in the past is too remote.[1]

2. The trial court, over objection, permitted the state to introduce evidence of nine similar transactions *before* it offered any evidence concerning the charges contained in the indictment on trial. While the court has discretion as to the order of admission of evidence (*Williams v. State*, 123 Ga. 138, 140 (1) (51 SE 322) (1905)), that discretion is not unlimited. The procedure followed in the trial court raises a substantial possibility that the jury could have settled upon the guilt of the defendant based solely upon evidence of a large number of similar transactions, and before hearing a single witness to the *indicted* offenses. However, in view of the holding in Division 1, we need not determine in this appeal the outer limit of discretion.

*Judgment reversed. All the Justices concur.*

BENHAM, Justice, concurring.

We accepted certiorari in this case to determine, in part, whether the state should be time-barred from introducing evidence of some types of similar transactions in the trial of a criminal case.

I agree fully with the principle stated in Division 1 (a) of the main opinion, with the application in Division 1 (b) of that principle to evidence of similar transaction, and with the conclusion that an event which occurred 31 years in the past is too remote for evidence of that event to be admissible as a similar transaction. However, I believe that remoteness in time is not, alone, a sufficient standard by which to determine the admissibility of evidence of similar transactions.

---

[1] A lack of notice of exact dates is not of itself determinative when knowledge of dates is not available to the prosecution. See *Rhodes v. State*, 193 Ga. App. 28 (1) (386 SE2d 857) (1989) and cits.

In determining which factors a trial judge should consider in deciding whether to admit evidence of a similar transaction, we must not lose sight of the fact that the similar transactions rule is an exception to the general rule that cases should be tried on their own merit without the introduction of extraneous matters. Therefore, evidence of similar transactions should be inadmissible where allowance of such evidence would be so manifestly unfair as to deny a defendant a reasonable opportunity to prepare an adequate defense. In determining whether such "manifest unfairness" exists, the trial court's inquiry should include but not be limited to the nature of the similar offense; its susceptibility to proof; its remoteness in time, with special attention to the applicable statute of limitation for such similar offense;[2] the victim; the degree of specificity of the notice given pursuant to USCR 31.3, and the defendant's opportunity to investigate and to cross-examine at trial.

I am authorized to state that Presiding Justice Smith joins in this concurring opinion.

DECIDED DECEMBER 5, 1991 —
RECONSIDERATION DENIED DECEMBER 20, 1991.

*Cook & Palmour, Bobby Lee Cook, Alan J. Baverman, Robert E. Andrews,* for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Leonard C. Parks, Jr., Assistant District Attorneys,* for appellee.

---

[2] As to this factor, the trial court should consider such matters as would toll a statute of limitation, including the involvement of minors, absence of the defendant from the state, concealment of the crime, or the incarceration of the defendant.