A92A1203. CHARO v. THE STATE.
(424 SE2d 900)

COOPER, Judge.
Appellant was indicted on two counts of child molestation

(Counts I and II) and one count of cruelty to children (Count III). The jury found appellant guilty on Counts II and III and not guilty on Count I. The trial court granted appellant's motion for new trial on Count III and denied the motion on Count II. Appellant appeals from the denial of his motion for new trial on Count II, raising as his sole enumeration of error the admission of similar transaction evidence.

Appellant was charged in Count II of the indictment with placing his hand inside the pants of the victim, a nine-year-old girl. Prior to trial, the State gave notice pursuant to Uniform Superior Court Rule 31.3 of its intent to present evidence of a similar transaction. The similar transaction was alleged to have occurred between January 1, 1986 and December 31, 1988 and was allegedly committed by appellant touching the breasts, vaginal area and buttocks of his stepdaughter, a child under the age of 14. The trial court conducted a hearing prior to trial and ruled that the similar transaction would be admitted. The State then called, as its first witness, the similar transaction victim, who testified that when she was ten or eleven years old, appellant came into the room where she slept and touched her vagina and her breast with his fingers and mouth. Following the testimony, the trial judge instructed the jury that appellant was not charged with molesting his stepdaughter and that the similar transaction evidence was admitted only for the purpose of illustrating appellant's bent of mind as to the charged offense.

1. Appellant, relying on *Gilstrap v. State*, 261 Ga. 798 (410 SE2d 423) (1991), argues that the similar transaction evidence should not have been admitted prior to the State introducing evidence regarding the offense with which appellant was charged. In *Gilstrap*, the trial court allowed the State to introduce evidence of nine similar transactions before it offered any evidence about the indicted offense. The Supreme Court indicated that the procedure raised a substantial possibility that the jury could have settled upon the guilt of the defendant before it even heard the evidence as to the indicted offense. However, the Supreme Court expressly declined to determine the limits on the trial court's discretion as to the order of the admission of evidence. Unlike *Gilstrap*, in the case sub judice, the State presented only one similar transaction, and we conclude that the trial court did not abuse its discretion in allowing the State to present the similar transaction evidence before introducing evidence as to the charged offense.

2. Appellant's arguments that the similar transaction should not have been admitted because the State did not provide a definite date on which the offense was alleged to have occurred and because the offense involved a different victim is also without merit. See *Eidson v. State*, 182 Ga. App. 321 (2) (355 SE2d 691) (1987).

3. Similarly, we find no merit to appellant's argument that the similar transaction was too remote in time. The similar transaction occurred only four or five years before the charged offense and was almost identical to the charged offense. See *McLendon v. State*, 184 Ga. App. 332 (2) (361 SE2d 534) (1987).

4. Finally, appellant argues that the evidence should not have been admitted because the similar transaction victim subsequently recanted her allegation of child molestation. The evidence reflects that approximately two months after reporting the child molestation to the sheriff's department, the similar transaction victim signed an affidavit stating that the allegations she made against appellant were false and that appellant had not molested her. The victim testified that she recanted her allegations because she wanted to return to live with her mother, but that appellant had in fact molested her. Appellant's objection to the victim's recantation goes to the weight and credibility of her testimony, see, e.g., *Young v. State*, 194 Ga. App. 335 (1a) (390 SE2d 305) (1990), and provides no basis for appellant's argument that the similar transaction evidence should not have been admitted.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 17, 1992.

*Wood, Odom & Edge, Arthur B. Edge,* for appellant.
*Peter J. Skandalakis, District Attorney, Lisa R. Roberts, Assistant District Attorney,* for appellee.