A93A0113. BAILEY v. THE STATE.
(433 SE2d 610)

JOHNSON, Judge.

Richard David Bailey appeals from his convictions of rape, aggravated sodomy and child molestation.[1]

1. Bailey contends that the trial court erred in denying his motion for discharge and acquittal because he was not tried within the time required by his statutory demand for trial. Since Bailey was charged in a multi-count indictment with the capital offense of rape along with several noncapital offenses, the time limit within which he had to be tried upon his proper demand is that set forth in OCGA § 17-7-171 for the more serious offense.[2] *Cleary v. State*, 258 Ga. 203, 205 (366 SE2d 677) (1988), overruled in part on other grounds, *Mize v. State*, 262 Ga. 489, 490 (1), n. 1 (422 SE2d 180) (1992); *Harper v.*

---

[1] The jury also found Bailey guilty of statutory rape, incest and two counts of aggravated child molestation. The trial court ruled that these offenses merged with the offenses from which Bailey appeals.

[2] OCGA § 17-7-170 provides the time limit within which a defendant who has filed a proper trial demand must be tried for noncapital offenses.

*State,* 203 Ga. App. 775, 776 (417 SE2d 435) (1992). OCGA § 17-7-171 (b) provides, "If more than two regular terms of court are convened and adjourned after the term at which the demand is filed and the defendant is not given a trial, then he shall be absolutely discharged and acquitted of the offense charged in the indictment, provided that at both terms there were juries impaneled and qualified to try the defendant and provided, further, that the defendant was present in court announcing ready for trial and requesting a trial on the indictment."

Hall County, where Bailey was tried, has four regular terms of court each year, beginning on the first Monday in May and November and on the second Monday in January and July. OCGA § 15-6-3 (26) (B). "The length of these terms is specified in OCGA § 15-6-19: 'The regular terms of the superior and state courts *shall continue* until the commencement of the *next regular term,* at which time they shall stand adjourned.' " (Emphasis in original.) *Wade v. State,* 258 Ga. 324, 328 (9) (368 SE2d 482) (1988). Bailey filed his demand for trial during the November term of 1991. Jurors were impaneled during the January and May terms. Bailey therefore had to be tried before the end of the May 1992 term, the second regular term of court following the term in which his demand was filed. See *White v. State,* 202 Ga. App. 370, 371 (414 SE2d 296) (1991). By operation of law, the May 1992 term ended on July 13, 1992, the first day of the July term. Bailey claims, however, that the court adjourned the May 1992 term prior to July 13 when it discharged that term's jurors without subjecting them to recall. This claim is without merit.

"[U]nless the trial court *expressly declares* a regular term adjourned, it continues until adjourned by operation of law." (Emphasis supplied.) *Barkley v. State,* 179 Ga. App. 795, 796 (348 SE2d 122) (1986). In the instant case, there is no evidence in the record that the court expressly declared the May term adjourned. The mere fact that the court released the jurors does not amount to an express adjournment of the term. On the contrary, the trial court indicated at the hearing on Bailey's motion for acquittal that by releasing the jurors, the court did not intend to adjourn the May term prematurely. As there is no evidence that the court expressly declared the May term adjourned, it continued until adjourned by operation of law at the commencement of the following term.

The record reveals that Bailey's trial began and jeopardy attached when the jury was selected and sworn on Friday, July 10, 1992, while the May term was still in session. The trial concluded the following week, during which the July term of court began. Bailey argues that because his trial was not concluded before the end of the May term, his trial was not timely. This argument is unpersuasive. Because the sanction provided by OCGA § 17-7-171 is so extreme, absolute

discharge and acquittal, the statute must be strictly construed. *Day v. State*, 187 Ga. App. 175, 176 (2) (369 SE2d 796) (1988). The statute states only that a defendant who has filed a proper demand must be "given a trial" within two terms after the term in which the demand is filed; it does not require the trial to be completed within that time. Such a requirement would be incongruous in that it would force trial courts to predict and strictly control the length of jury trials and it would encourage a defendant whose trial begins near the end of the statutory time limit to engage in improper delay tactics as a method of obtaining an acquittal by prolonging the trial past the end of the applicable term. We therefore hold that the statute requires only that the trial commence, not that it be concluded, within the two-term limit.[3] As Bailey's trial commenced before the end of the May 1992 term, his statutory demand for trial was not violated. The trial court did not err in denying Bailey's motion for discharge and acquittal.

2. In his second enumeration of error, Bailey contends that the trial court erred in finding that his demand for trial was not properly made as to some of the charges in the indictment. Because of our decision in Division 1 of this opinion that Bailey received a timely trial as to all the charges, we need not address this enumeration.

3. Bailey argues that the court erred in overruling his challenge to the array of the jury pool on the ground that the array was improperly composed of persons originally summoned to appear at the term of court following the term in which he was tried. This argument does not mandate a reversal of Bailey's conviction because the manner and time of summoning the jurors "are matters that go to the necessities and convenience of the court and jurors, and have no bearing on the question of affording the defendants a fair trial." *Hulsey v. State*, 172 Ga. 797, 808-809 (4) (159 SE 270) (1931). Bailey's additional claim that he was prejudiced due to the disproportionate number of elderly and unemployed jurors is without merit because he has failed to establish that either of these groups is cognizable for purposes of jury selection. See *Pope v. State*, 256 Ga. 195, 197 (1) (b) (345 SE2d 831) (1986).

Statutes regulating the selection, drawing, and summoning of jurors (OCGA § 15-12-1 et seq.) are intended to distribute jury duties among the citizens of the county, provide for rotation in jury service, and are merely directory. They are not intended to provide parties with an impartial jury; however, a disregard of the essential and substantial provisions of the statutes will have the effect of vitiating the

---

[3] The federal speedy trial act similarly provides that "the trial of a defendant charged in an information or indictment with the commission of an offense shall *commence* within seventy days from the filing date (and making public) of the information or indictment." (Emphasis supplied.) 18 USCA § 3161 (c) (1).

array. *Franklin v. State*, 245 Ga. 141, 146-147 (1) (263 SE2d 666) (1980); *Robinson v. State*, 179 Ga. App. 616, 617 (1) (347 SE2d 667) (1986). The trial court in the instant case complied with Bailey's trial demand by summoning jurors originally scheduled to appear at the next term of court. In so doing, the court did not disregard the essential provisions of the directory statutes concerning the selection, drawing and summoning of jurors to the extent of vitiating the array. The trial court did not err in overruling Bailey's challenge to the array. *Burney v. State*, 244 Ga. 33, 37-38 (3) (257 SE2d 543) (1979).

4. Bailey's complaint that the court erred in refusing to allow sequestered individual voir dire is without merit. "Sequestered voir dire is not mandated by OCGA § 15-12-133 . . . , which provides for individual examination of jurors. The granting of sequestered voir dire is within the discretion of the court, and a showing of prejudice from denial is necessary to show an abuse of discretion. [Cits.]" *Sanborn v. State*, 251 Ga. 169, 170 (3) (304 SE2d 377) (1983). Bailey has shown no prejudice from the court's ruling. *Stevens v. State*, 247 Ga. 698, 700-701 (2) (278 SE2d 398) (1981); *Bradley v. State*, 182 Ga. App. 719, 720 (2) (356 SE2d 753) (1987).

5. Bailey contends that the trial court erred in admitting evidence of similar transactions. Bailey argues that the offenses described in paragraph four of the State's notice of its intent to present similar transaction evidence were too indefinite to allow him to prepare a defense to those offenses. We cannot consider this argument because "enumerations may not be enlarged by brief on appeal to cover issues not contained in the original enumeration." (Citations and punctuation omitted.) *Loyd v. State*, 202 Ga. App. 1, 2 (1c) (413 SE2d 222) (1991). Even if we could consider the argument, it is specious. The paragraph of the State's notice complained of provides, "the defendant made numerous sexual advances and assaults toward [the victim] which involved the defendant's fondling and attempting to fondle her on her legs, arms, breasts, and vaginal area." This description of the offenses is sufficiently specific to inform Bailey what he was charged with and it reveals the information possessed by the State. " '(I)n revealing to appellant the information which it had, the prosecution complied with (Uniform Superior Court) Rule 31.3.' [Cit.]" *Parcell v. State*, 198 Ga. App. 439, 440 (1) (401 SE2d 628) (1991).

Bailey also argues that the court improperly allowed the victim to give similar transaction testimony about various instances of sexual abuse by him prior to testifying about the offenses charged in the indictment. Bailey's reliance on *Gilstrap v. State*, 261 Ga. 798 (410 SE2d 423) (1991), in support of this argument is misplaced. In that case, the Supreme Court found that the trial court's decision to allow the State to introduce evidence of nine similar transactions from wit-

nesses other than the victim before introducing any evidence concerning the crimes charged raised a substantial possibility that the jury could have settled upon the defendant's guilt based solely on the similar transaction evidence. *Gilstrap,* supra at 799 (2). In the instant case, the testimony objected to came only from the victim and not other witnesses. It is a mischaracterization of her testimony to claim that all of her similar transaction testimony came before she testified about the crimes charged. Instead, she testified about similar transactions both before and after testifying about the crimes charged. For the most part, the victim's direct testimony was a chronological description of sexual abuse by Bailey, her stepfather, over a period of approximately nine years. This chronological presentation of her claims does not raise a substantial possibility that the jury could have settled upon Bailey's guilt based solely on the similar transaction evidence. This is especially true in light of the fact that the trial judge, during the victim's testimony, instructed the jury on the limited purpose of similar transaction evidence and that Bailey was on trial only for the crimes charged in the indictment, not the alleged similar transactions.

"[T]he order of proof is within the discretion of the trial court and will not be disturbed absent abuse. [Cit.]" *Avery v. State,* 174 Ga. App. 116, 117 (2) (329 SE2d 276) (1985). In *Gilstrap,* "the Supreme Court expressly declined to determine the limits on the trial court's discretion as to the order of the admission of evidence." *Charo v. State,* 206 Ga. App. 297, 298 (1) (424 SE2d 900) (1992). Here, the trial court did not abuse its discretion in allowing the victim to testify in chronological order about her abuse even though such a presentation resulted in the admission of some similar transaction evidence prior to the evidence on the crimes charged. "The rule allowing the admission of similar transaction evidence is usually applied more liberally with evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged. Certain otherwise inexplicable assaults, such as occur in a series of incidents of wife or child abuse, particularly lend themselves to this exception to the 'other offenses' rule on questions of both identity and motive." (Citations and punctuation omitted.) *Parcell v. State,* supra at 439-440 (1); *Hall v. State,* 186 Ga. App. 830, 831 (2) (368 SE2d 787) (1988). The trial court committed no error in allowing the victim's similar transaction testimony.

6. Bailey claims that the court erred in denying his motion for a mistrial when the State cross-examined him about a pretrial statement he had made. Following Bailey's objection and motion for a mistrial, the court instructed the jury to completely disregard the statement. After the curative instructions, Bailey did not renew his objection or motion for a mistrial and he did not request further in-

structions by the court. The motion therefore was not preserved for appellate review. *Schirato v. State*, 260 Ga. 170, 172 (5) (391 SE2d 116) (1990). Even if the enumerated error had been properly preserved, it is deemed abandoned because Bailey has not supported it in his brief by citation of any authority. Court of Appeals Rule 15 (c) (2).

7. Bailey's complaint that the court erred in refusing to give his requested instruction to the jury that child molestation is a lesser included offense of the rape charge is without merit. Even if we assume that child molestation is a lesser included offense of the rape charge, "[i]t is not error to fail to charge the lesser included offense if the jury would be unauthorized to return that verdict based on the evidence. [Cit.]" *Watson v. State*, 235 Ga. 461, 466 (5) (219 SE2d 763) (1975); *Brooks v. State*, 197 Ga. App. 194, 195 (1) (397 SE2d 622) (1990). Here, the victim gave testimony specifically describing the rape. Bailey absolutely denied committing the rape or any other sexual act with the child. The jury therefore was only authorized to find Bailey either guilty or not guilty of the rape charge; there was no evidence authorizing the jury to return a guilty verdict on child molestation as a lesser included offense of rape. OCGA § 16-6-4 (a). The trial court did not err in refusing to give Bailey's requested jury charge. *Mosley v. State*, 187 Ga. App. 70, 71 (2) (369 SE2d 345) (1988); *Roman v. State*, 185 Ga. App. 32, 34-35 (3) (363 SE2d 329) (1987).

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDED JUNE 16, 1993 —
RECONSIDERATION DENIED JULY 13, 1993 — 

*William I. Sykes, Jr., Susan D. Brown*, for appellant.
*C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Assistant District Attorney*, for appellee.