A94A0076. CURTIS v. THE STATE.
(441 SE2d 776)

BLACKBURN, Judge.

Appellant John Alexander Curtis a/k/a Alex Curtis was convicted by a jury of one count of child molestation. On appeal, Curtis asserts several enumerations of error.

1. In his first enumeration of error, Curtis argues that the trial court's allowance of out-of-court statements made by children pursuant to OCGA § 24-3-16 violates his right to confront and cross-examine the witnesses against him as protected by the Sixth and Fourteenth Amendments to the United States Constitution and Art. I, Sec. I, Par. XIV of the Constitution of the State of Georgia, and to due process of law also guaranteed by the United States and Georgia Constitutions. We decided this issue adversely to Curtis in *Fuller v. State*, 211 Ga. App. 104 (438 SE2d 183) (1993). Curtis' additional arguments under his first enumeration of error are improper attempts to enlarge the scope of his enumeration and are raised for the first time on appeal and, therefore, will not be addressed. See *Watkins v. State*, 206 Ga. App. 701 (3) (426 SE2d 238) (1992) and *Dukes v. State*, 205 Ga. App. 678 (1) (423 SE2d 295) (1992). Curtis' first enumeration is without merit.

2. Curtis asserts that the trial court erred in overruling his motion for continuance based upon communications directed at potential jurors by State's witnesses immediately prior to the trial. Curtis complains that an article published on November 1, 1992, in the Athens Daily News, regarding child molestation and containing anonymous interviews with the parents of the victims in the present case, was an impermissible communication with potential jurors. Curtis asserts the same argument against an unsigned letter to the editor written by the mother of one of the children testifying in this case which was published on December 3, 1992, in the Oconee Enterprise and the Athens Observer. However, Curtis' allegations of intentionally timed attempts to present the State's case to potential jurors and to "exhort the jurors to convict him" are wholly without supporting evidence.

Furthermore, the prohibition is communication with jurors, not *potential* jurors. While Curtis' argument is unique, it is also without merit.

The article on child molestation was written by Betsy Shearron, lifestyle editor for the Athens Daily News. In the article, the names of those interviewed were not revealed, nor was the name of the alleged perpetrator divulged. Furthermore, the article did not reveal specific facts about the cases described, but focused on the parents' reaction to the realization that their child had been molested. The letter to the editor also was void of factual allegations or specifics regarding the present case; nor did it reveal the name of its author, the victim, or the alleged perpetrator. Furthermore, the jury in the present case was selected on December 14, 1992, approximately six weeks after the article was published and almost two weeks after the letter to the editor was published.

"The grant of a continuance or motion for change of venue based upon alleged pre-trial publicity rests within the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse. [Cits.]" *Stephens v. State*, 196 Ga. App. 29 (1) (395 SE2d 353) (1990). The trial court reserved ruling on Curtis' motion until after the voir dire of the venire panel. Our review of the voir dire indicates that the impaneled jurors were not affected by the publicity and were able to render Curtis a fair trial. *Lemley v. State*, 258 Ga. 554, 556 (372 SE2d 421) (1988). The trial court did not abuse its discretion in denying Curtis' motion for a continuance.

3. In a related enumeration, Curtis next asserts that the trial court erred in refusing to excuse four specific jurors for cause after they were exposed to the publicity discussed above. However, the State determined that none of the jurors had formed an opinion regarding Curtis' innocence or guilt and that they could be fair and impartial in evaluating the evidence presented. See *Lemley*, supra. This enumeration is equally without merit.

4. In Curtis' fourth enumeration of error, he contends that the trial court erred in allowing the State to introduce evidence of similar transactions prior to introducing evidence directly relating to the allegations of the indictment. The record indicates that the first evidence of a similar transaction was introduced by the State without objection. The State's first witness was an investigator with the Oconee County Sheriff's Department. The investigator described his investigation, including allegations made by a child, other than the alleged victim in the present case. Curtis made no objection to the sequence of this testimony. The State's second witness was an investigator with the Georgia Bureau of Investigation. He also described his investigation including evidence of a similar transaction. Furthermore, the GBI investigator presented evidence of his investigation of the allega-

tions of the victim. Curtis made no objection to the sequence of this witness. Thereafter, as the State called its third witness, Curtis' counsel objected to the sequence of witnesses, arguing that *Gilstrap v. State*, 261 Ga. 798 (2) (410 SE2d 423) (1991), required the introduction of evidence concerning the charges contained in the indictment prior to evidence of similar transactions.

In *Gilstrap*, the Supreme Court expressed concern that "the trial court's decision to allow the State to introduce evidence of nine similar transactions from witnesses other than the victim before introducing any evidence concerning the crimes charged raised a substantial possibility that the jury could have settled upon the defendant's guilt based solely on the similar transaction evidence." *Bailey v. State*, 209 Ga. App. 390, 393-394 (433 SE2d 610) (1993).[1] However, "the order of proof is [still] within the discretion of the trial court and will not be disturbed absent abuse." (Citations and punctuation omitted.) Id. at 394. Furthermore, the Supreme Court expressly declined to determine the outer limits of the trial court's discretion as to the order of the admission of evidence. See *Gilstrap*, supra at 799.

In the present case, the State presented evidence of one similar transaction and evidence of the crime charged in the indictment prior to any objection being raised by Curtis. Thereafter, the trial court allowed evidence of a second similar transaction and additional evidence of the first similar transaction prior to the introduction of further evidence on the crime charged in the indictment. However, as the GBI investigator had already presented evidence of the allegations which led to the charges contained in the indictment, Curtis' *Gilstrap* objection was without merit with respect to the similar transaction evidence presented after the GBI investigator's testimony.

Curtis failed to object to the State's first witness who testified regarding the first similar transaction and "it is well-settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection. [Cits.] In this state, it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which might have been raised. [Cits.]" (Punctuation omitted.) *Glisson v. State*,

---

[1] While we agree with the *Gilstrap* concern for prejudicing a jury with excessive similar transaction evidence, the harm results from the excess, not the sequence of such evidence. The jury may legally consider the case only upon the completion of the presentation of *all* the evidence, arguments of counsel, and the charge of the court. It makes little difference in the result, whether the toxin is poured into the cup before or after the coffee because, as a matter of law, the jury cannot "drink" until the pouring is complete. The excess similar transaction problem is addressed by the application of the balancing test provided in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). The sole purpose of the balancing test is to protect the defendant from the use of unnecessary or excessive similar transaction evidence and that is why its application in similar transaction situations is mandatory on the trial court.

165 Ga. App. 342, 343 (301 SE2d 62) (1983). Even if Curtis had not waived his objection to the introduction of the first similar transaction evidence, in *Charo v. State*, 206 Ga. App. 297, 298 (424 SE2d 900) (1992), we specifically held that the trial court did not abuse its discretion in allowing the State to present evidence of one similar transaction prior to introducing evidence of the offense charged.

5. Curtis contends that the trial court erred in allowing the prosecutor to argue matters outside the evidence of this case. Specifically, Curtis argues that the prosecutor's reference to a recent high-profile child molestation case in his closing argument was error. The State argues that its reference to another case, as an illustration that well-respected individuals have been convicted of child molestation, was proper pursuant to *Cooper v. State*, 260 Ga. 549, 550 (397 SE2d 705) (1990). In *Cooper*, the Georgia Supreme Court determined that the State's reference to two unrelated cases involving other defendants who, like Cooper, were in their early teenage years, was within the very wide bounds permitted, id., and we are constrained to follow same. Furthermore, Curtis failed to request a mistrial at the time of the prosecutor's remarks. See *Johnson v. State*, 197 Ga. App. 384 (2) (398 SE2d 432) (1990).

6. In Curtis' last enumeration of error, he merely reasserts his previous enumerations and raises nothing new to review. Therefore, it is without merit.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 15, 1994 —
RECONSIDERATION DENIED MARCH 1, 1994 —

*Hudson & Montgomery, David R. Montgomery*, for appellant.
*Harry N. Gordon, District Attorney, James B. McClung, Assistant District Attorney*, for appellee.