### A98A0907. PIRKLE v. THE STATE.
(506 SE2d 186)

McMurray, Presiding Judge.

Defendant Pirkle appeals his conviction of the offense of child molestation. *Held*:

1. The first two enumerations of error are predicated upon the admission of testimony concerning statements made by defendant to his then wife. The statements could be viewed as admissions by defendant of conduct amounting to the crime of which defendant was convicted. Defendant argues that these statements were confidential communications between husband and wife, and therefore inadmissible under OCGA § 24-9-21. One enumeration of error is directed to the wife's testimony concerning defendant's statement to her. The other enumeration of error is directed to testimony of the former wife's brother concerning what he heard after she asked defendant to repeat what he had said to her during a telephone conversation and then handed the telephone to the brother.

Defendant's reliance upon OCGA § 24-9-21, which was formerly Ga. Code § 38-418 (1), is misplaced in that he fails to acknowledge the modification of that statute by the 1957 amendment of Ga. Code § 38-1604, now OCGA § 24-9-23. Under the statutory scheme since that change, defendant's former wife is a competent witness and it is only where the witness is not competent under the statute that objections to the witness testifying may be made by a party. See *Hubbard v. State*, 145 Ga. App. 714, 715 (1) (b) (244 SE2d 639). While the wife could not be compelled to testify, the record shows that she testified freely and under no compulsion so that it will be presumed that she did so pursuant to a waiver of her privilege. *Kellar v. State*, 226 Ga. 432 (1) (175 SE2d 654); *Mapp v. State*, 191 Ga. App. 622 (2) (382 SE2d 618).

The arguments advanced by defendant also fail to consider that the privilege created by OCGA § 24-9-23 (a) does not apply in proceedings, such as this, in which the husband or wife is charged with a crime against the person of a minor, albeit testimony is compellable only with respect to the specific act for which the defendant is charged. See OCGA § 24-9-23 (b).

And finally, *McKie v. State*, 165 Ga. 210 (140 SE 625), cited by defendant, had no application to the case sub judice since it was decided under the former statutory scheme and therefore premised on the supposition that defendant's former wife could not be a compe-

tent witness against him. As there was no statutory privilege or public policy opposing the admission of the evidence of which defendant complains, these enumerations of error lack merit.

2. A psychologist was permitted, over defendant's hearsay objection, to testify as to statements made to him by the victim. While defendant argues that the statements were not admissible pursuant to OCGA § 24-3-16 because the victim was over the age of 14 years at the time the statements were made, this does not affect the admissibility of this testimony under *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661), which allows admission of a prior consistent statement of a witness who, such as the victim, testified under oath at trial and was subject to cross-examination. See also *Richardson v. State*, 256 Ga. 746, 747 (353 SE2d 342); *Smith v. State*, 228 Ga. App. 144, 145 (491 SE2d 194); *Perkins v. State*, 226 Ga. App. 613, 614 (1), 615 (487 SE2d 365).

3. In response to a direct examination question as to what he had done when the victim became reluctant to give specific details as to what had happened to him, the psychologist stated that "my tendency and what I have done is backed off. By the time I had decided to conduct therapy with [the victim] for child molestation I felt comfortable that that was what I was treating. . . ." No contemporaneous objection was made to this testimony, but defendant subsequently moved for mistrial on the basis that this evidence was an improper expression of the expert witness's opinion on the issue of whether the victim had been sexually abused since the jury was capable of determining from the evidence of record whether the victim was in fact molested by defendant. See *Allison v. State*, 256 Ga. 851, 853 (5), (6) (353 SE2d 805). Due to the absence of a contemporaneous objection, reversal on this ground is not appropriate. Id. at 853 (7).

We also note that the probability of any harm to defendant due to this testimony is extremely remote due to the curative instruction given to the jury following defendant's motion for mistrial. The jurors were instructed that the psychologist was not allowed to offer an opinion as to whether the alleged victim had been molested or whether defendant committed an act of child molestation, and that such determinations were for the jurors to make.

4. Defendant enumerates as error the admission of similar transaction testimony from defendant's sister because of remoteness. Defendant's thirty-year-old sister testified as to being molested by him from the age of five until she was fifteen or sixteen years of age. The sixteen-year-old victim testified as to being molested by defendant from the age of six years. Thus, the interval of time from the most recent similar transaction until trial was fifteen years or less, and the interval between the most recent similar transaction and the

first molestation of the victim of the crime charged was five years or less. These intervals of time fall well within the limitations established by *Gilstrap v. State*, 261 Ga. 798, 799 (1) (410 SE2d 423). In view of the liberal construction of the similar transaction rules in cases involving sexual offenses and particularly with respect to cases such as this showing the sexual exploitation of family members through successive generations, the passage of time goes to weight and credibility but does not render the similar transaction evidence inadmissible. *Nichols v. State*, 221 Ga. App. 600, 602 (3) (473 SE2d 491); *Bryson v. State*, 210 Ga. App. 642, 643 (2) (437 SE2d 352).

5. In the final enumeration of error, defendant maintains that the trial court erred in allowing the similar transaction testimony from his sister to be introduced prior to the conclusion of the State's evidence. In *Gilstrap v. State*, 261 Ga. 798, 799 (2), supra, the Supreme Court of Georgia found that allowing the State to introduce nine similar transactions from witnesses other than the victim before introducing evidence concerning the crimes charged raised a substantial possibility the jury could have settled upon the guilt of that defendant based solely upon the similar transaction evidence. Nonetheless, the Supreme Court of Georgia acknowledged the discretion of a trial court as to the order of admission of evidence and declined to determine the outer limit of that discretion in that case.

The case sub judice is factually distinguishable from *Gilstrap* in that here the victim testified as to the crime charged prior to the introduction of the similar transaction evidence. This factual distinction alone is sufficient to remove the case sub judice from the concerns expressed by the Supreme Court of Georgia in *Gilstrap*. Accord *Charo v. State*, 206 Ga. App. 297, 298 (1) (424 SE2d 900).

Additionally, we note that prior to admission of the similar transaction evidence, the trial court conducted a hearing in compliance with the requirements of *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649). Also, the trial court determined that the victim's testimony alone was sufficient to support admission of the similar transaction under the limited evidentiary purpose for which the jury may consider it. We find no merit in defendant's argument that the trial court was required to hear all of the State's evidence as to the offense charged before determining whether to admit the similar transaction evidence.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED AUGUST 19, 1998.

*Edmund A. Waller*, for appellant.
*Lydia J. Sartain, District Attorney*, for appellee.